JOSÉ, ERNESTO, FÉLIX, FERNANDO y MARGARITA JIMÉNEZ, demandantes y apelantes, *v.* JORGE J. JIMÉNEZ, COMISIONADO DE LO INTERIOR, demandado y apelado.

Núm. 10092.—*Sometido:* Mayo 9, 1950. *Resuelto:* Mayo 31, 1950.

*Córdova & González* y *Hernán R. Franco,* abogados de los apelantes; *Hon. Procurador General Vicente Géigel Polanco* y *Edgar S. Belaval, Procurador General Auxiliar,* abogados del apelado.

*PER CURIAM:* Los apelantes solicitaron de la corte a quo la expedición de un auto de *injunction* prohibiendo al Comisionado de lo Interior que autorice tomar arena de la orilla del mar contigua a una finca rústica propiedad de

aquéllos. Alegaron que la extracción de arena en el sitio indicado, en la forma que se viene realizando con la autorización del Comisionado, les causa daños irreparables, toda vez que le socava el soporte lateral de sus terrenos y además ha disminuído la cabida de la finca en varias cuerdas.

■■ El Comisionado expidió los permisos en cuestión basándose en la autoridad conferídale por el artículo 1 de la Ley núm. 22 de 1916 ([1]) e invoca la Ley núm. 1 de 25 de febrero de 1946 ((1) pág. 3), en su sección 4, que dice:

"No podrá otorgarse un injunction ni una orden de entredicho:

"1.     .    .    .    .    .    .

"2.     .    .    .    .    .    .

"3. Para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico, de un funcionario público, de una corporación pública, o de una agencia pública, o de cualquier empleado o funcionario de dicha corporación o agencia, a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable, que dicha ley o actuación autorizada por ley es inconstitucional o inválida.

"Cualquier injunction preliminar, permanente, o con carácter de entredicho, incluso cualquier orden para hacer efectiva la jurisdicción de un tribunal o para asegurar la efectividad de una sentencia, que se haya expedido en las circunstancias expuestas en este inciso 3 y que esté en vigor a la fecha de vigencia de esta Ley o que en lo sucesivo se expidiere, será nulo e inefectivo."

En el caso de *Las Monjas Racing Corp.* v. *Com. Hípica*, 67 D.P.R. 45, tuvimos oportunidad de fijar el alcance de la transcrita sección. Dijimos allí:

"El transcrito precepto legal contiene dos modalidades:

"(*a*) Prohibe la expedición de injunction u orden de entre-

---

([1]) El artículo 1 de la Ley núm. 22 de 1916 (pág. 67) dice así:

"El Comisionado del Interior queda por la presente autorizado y facultado para permitir la extracción, para cualquier fin, de arena, grava y piedra de la orilla del mar y zona marítima y de los lechos de los ríos innavegables de Puerto Rico."

dicho contra un funcionario público, corporación pública, etc., para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, a menos que previamente se hubiere determinado por sentencia final, firme, inapelable e irrevisable, que dicha ley es inconstitucional o inválida; y

"(b) Prohibe la expedición de injunction u orden de entredicho para impedir el cumplimiento de cualquier actuación de un funcionario público, corporación pública, etc., la cual actuación esté autorizada por ley de la Asamblea Legislativa, a menos que previamente se hubiere determinado por sentencia final, firme, inapelable e irrevisable, que dicha actuación es inconstitucional o inválida.

"................ El criterio para determinar si la actuación de un funcionario está autorizada por ley, no consiste en que la actuación sea válida o constitucional. Precisamente la determinación de la constitucionalidad o validez de la actuación es lo que previamente a la expedición del entredicho o auto de injunction, debe decretarse por sentencia final, firme, inapelable e irrevisable. La pauta a seguir debe ser determinar si la actuación está comprendida dentro de la autoridad conferida por la ley al funcionario, corporación pública, etc.". (Págs. 55,56.)

La cuestión a resolver es si la actuación del Comisionado está comprendida dentro de la facultad conferídale por el referido artículo 1 de la Ley núm. 22 de 1916.

En el caso de *Las Monjas Racing Corp.*, supra, resolvimos que la actuación de la Comisión Hípica no estaba autorizada por ley, porque si bien dicha Comisión estaba facultada por la sección 7 de la Ley Hípica Insular a cancelar la licencia de cualquier hipódromo, la misma sección le imponía la condición de que fuera por justa causa previa audiencia de las partes y oportunidad de defenderse. Como en realidad la allí demandante no tuvo la previa audiencia y oportunidad de defenderse, dijimos que la actuación de la Comisión al cancelar la licencia sin dar cumplimiento a esa condición previa, no era una actuación autorizada por ley y hubiéramos expedido el injunction de no haber sido porque la demandante tenía un remedio adecuado, tan eficaz como el injunction, sin necesidad de recurrir a ese auto extraordinario.

En el presente caso, el artículo 1 de la Ley núm. 22 de 1916 no impone condición alguna que el Comisionado de lo Interior deba cumplir antes de autorizar que se tome arena de la playa. Por consiguiente, su actuación está autorizada por ley. Siendo ello así, para que los apelantes hubieran podido impedir mediante injunction la actuación del Comisionado, precisaba que previamente a la institución de este pleito, se hubiera obtenido una sentencia firme declarativa de la invalidez de la actuación.

La determinación de si en efecto la actuación del Comisionado perjudica derechos de propiedad de los apelantes, es cuestión que debe ventilarse en la acción previa determinante de la validez de la actuación.

*Procede la confirmación de la sentencia.*

El Juez Asociado Sr. Negrón Fernández se inhibió.