JOSÉ E. ARRARÁS, ETC., ET AL., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, HON. J. C. SANTIAGO MATOS, JUEZ, demandado; JORGE OSCAR LANDING, ETC., y OTROS, interventores.

*Número:* O-70-25    *Resuelto:* 27 de enero de 1972

*Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Subprocurador General, Dolores Ruiz de Zambrana* y *Américo Serra, Procuradores Generales Auxiliares,* abogados de los peticionarios; *Jorge Luis Landing* y *José Aulet,* abogados de los interventores.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

Los estudiantes del recinto de Mayagüez de la Universidad de Puerto Rico, Jorge Oscar Landing, Rubén Arcelay y Francisco Pérez, aquí interventores, radicaron en el Tribunal Superior, Sala de Caguas, un escrito titulado "Solicitud de Entredicho", en el que alegan que los demandados, aquí peticionarios, José E. Arrarás y Rafael Pietri Oms, quienes respectivamente ocupan los cargos de Rector del recinto de Mayagüez, el primero, y de Presidente de la Junta de Disciplina de dicho recinto, el segundo, les han formulado cargos y se proponen tomar sanciones contra ellos por haber organizado una actividad consistente en un mitín y piquete no autorizado, en violación del inciso 7 del Art. X del Reglamento General de Estudiantes de la Universidad de Puerto Rico.

Junto a la solicitud de entredicho se acompañó fotocopia del escrito de formulación de cargos contra el estudiante Jorge Landing donde se expresa que Landing "organizó una actividad consistente de un acto en apoyo al estudiante Robert Yoder Hernández, el cual se llevó a cabo de 10:30 a 11:30 de la mañana del mencionado día [13 de noviembre de 1969], en la entrada y en el vestíbulo del Anfiteatro de Estudios Generales." Expresa además que durante el acto dos estudiantes se dirigieron a un grupo, impidiendo el libre tránsito al Edificio de Estudios Generales del recinto universitario, sin haber solicitado ni obtenido permiso para el mismo, habiéndose limitado Landing a informar, catorce minutos antes de la celebración del acto, que había organizado la actividad en cuestión, todo ello en violación al inciso 7 del Art. X del Reglamento General de Estudiantes.

Los interventores básicamente atacan la validez de la citada disposición reglamentaria por constituir la misma una violación de sus derechos constitucionales de libre expresión, de reunión y de estudio. Su solicitud de entredicho está predicada en los graves e irreparables daños que se le causarían de aplicárseles sanciones que acarrearán la interrupción de sus estudios en la mencionada institución.

Conjuntamente con la llamada solicitud de entredicho los interventores radicaron una solicitud de entredicho provisional para impedir una audiencia señalada por la Junta de Disciplina que habría de celebrarse los días 3 y 4 de febrero de 1970, y para mantener el *status quo* hasta que se resolvieren las cuestiones constitucionales planteadas.

■ El tribunal de instancia declaró con lugar la solicitud provisional de entredicho, sin notificación previa a la parte adversa, en la misma fecha en que fue radicada, o sea, el 30 de enero de 1970, y sin que surja del récord que el tribunal tuviera ante sí ningún otro documento, alegación, escrito o constancia que no fueran los que hemos mencionado. En su consecuencia ordenó a los demandados que se abstuvieran de continuar los procedimientos administrativos contra los interventores anunciados para los días 3 y 4 de febrero de 1970, ordenando además que se mantuviera el *status quo* hasta que se resolvieran las alegaciones de los interventores contenidas en las referidas solicitudes de entredicho y de entredicho provisional. El tribunal señaló la audiencia para la discusión de la solicitud de entredicho para el día 13 de febrero de 1970, o sea, cuatro días después de la expiración del término de diez (10) días de duración de la orden requerido por la Regla 57.2.[1]

---

[1] La orden fue dictada sin término fijo a pesar de lo dispuesto en la Regla 57.2 de las de Procedimiento Civil de 1958 que fija un término de diez (10) días de vigencia a las órdenes de entredicho provisional expedidas sin notificación previa a la parte adversa, a menos que sea prorrogada dicha orden dentro del expresado término por causa justa probada que deberá constar en el récord, o con el consentimiento de la parte adversa. 32 L.P.R.A. Ap. II, R. 57.2. Véanse, 7 Moore, *Federal Practice*, 2d ed., pár. 65.07, *Benítez* v. *Anciani* (1st Cir. 1942) 127 F.2d 121, *cert. den.* 317 U.S. 699 (1943) (si no se expresa término, la orden vence en diez (10) días). Aún más, la orden dictada habiéndose expedido por tiempo indeterminado, o sea hasta la resolución del *injunction* permanente, equivale a un *injunction* preliminar el cual no puede ser expedido sin notificación previa a la parte adversa. 32 L.P.R.A. Ap. II, R. 57.1. Véase, 7 Moore, *Federal Practice,* ante, pár. 65.05 (comparación entre orden de entredicho provisional e *injunction* preliminar).

Contra la orden de entredicho, los demandados acudieron ante nos en el presente recurso, y en auxilio de nuestra jurisdicción solicitaron y les concedimos una orden que dejó sin efecto la del tribunal de instancia y paralizó los procedimientos en dicho tribunal hasta que dispusiéramos otra cosa. Posteriormente expedimos el auto para revisar los procedimientos del tribunal de instancia.

Los demandados señalan ocho errores cometidos por el tribunal sentenciador. Bastará considerar el primero de ellos que va a la médula del remedio solicitado por los interventores, y el cual es suficiente para resolver los planteamientos ante nos:

"La orden emitida por el tribunal tiene el efecto de paralizar o impedir una actuación autorizada por ley de una corporación pública sin que se haya determinado que dicha actuación sea inconstitucional o inválida."

Examinemos las disposiciones de ley relativas al recurso de *injunction* contra actuaciones de funcionarios públicos, o de agencias o corporaciones públicas.

El Art. 678 del Código de Enjuiciamiento Civil, edición de 1933, según enmendado por el Art. 3 de la Ley Núm. 1 de 25 de febrero de 1946, 32 L.P.R.A. sec. 3524, en lo pertinente, dispone:

"No podrá otorgarse un *injunction* ni una orden de entredicho:

. . . . . . . . .

3. Para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico, de un funcionario público, de una corporación pública, o de una agencia pública, o de cualquier empleado o funcionario de dicha corporación o agencia, a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable, que dicha ley o actuación autorizada por ley es inconstitucional o inválida.

Cualquier *injunction* preliminar, permanente, o con carácter de entredicho, incluso cualquier orden para hacer efectiva la jurisdicción de un tribunal o para asegurar la efectividad de una sentencia, que se haya expedido en las circunstancias expuestas

en este inciso 3 y que esté en vigor a la fecha de vigencia de esta Ley o que en lo sucesivo se expidiere, será nulo e inefectivo."

La Exposición de Motivos de la Ley Núm. 1 de 1946, anteriormente citada, 32 L.P.R.A. sec. 3524, Historial, reconoce la presunción de constitucionalidad de las actuaciones autorizadas por ley de los administradores públicos. Ésta reza así:

"Artículo 1.—Exposición de Motivos.—Cualquier ley aprobada por la Asamblea Legislativa de Puerto Rico debe considerarse constitucional a menos que y hasta tanto se le declare nula por sentencia final, firme, inapelable e irrevisable. La expedición de órdenes de entredicho y de *injunctions* por las cortes inferiores, en relación con la observancia de estatutos públicos y demás actuaciones de la administración pública, desorganiza el proceso ordenado de gobierno y crea incertidumbre y confusión en la observancia de la ley por motivo de la diversidad de opiniones entre los distintos jueces en cuanto a la validez o constitucionalidad de diversos estatutos y actos públicos."

En *Las Monjas Racing Corp.* v. *Com. Hípica,* 67 D.P.R. 45 (1947), al interpretar lo dispuesto en el Art. 678 antes citado dijimos que la primera determinación a hacerse era si la actuación de la agencia pública era una autorizada por ley, y no si la actuación era válida o constitucional. Y ello es así porque precisamente la validez o constitucionalidad de la actuación es lo que debe decretarse con antelación a la expedición del entredicho o *injuncion,* por sentencia final, firme, inapelable e irrevisable. En otras palabras, lo determinante es si la actuación está comprendida dentro de la autoridad conferida por ley al funcionario, bien sea gubernamental o de una corporación o agencia pública. Véanse además, *Mari* v. *Vicéns,* 67 D.P.R. 473 (1947); *Jiménez* v. *Jiménez,* 71 D.P.R. 502 (1950). *Cf. Harper* v. *Jones,* 195 F.2d 705 (1952), *cert. den.* 344 U.S. 821 (1952).

Veamos cuál es la autoridad conferida por ley a la Universidad de Puerto Rico y a los funcionarios demandados en relación con las actuaciones a las que se refiere este recurso y la naturaleza pública de dicha institución ante la ley.

La Universidad de Puerto Rico es una entidad pública corporativa por virtud de la Ley de la Universidad, 18 L.P.R.A. secs. 601–621, y el recinto de Mayagüez es una unidad institucional de aquélla. 18 L.P.R.A. sec. 603(a) (2). Sus facultades corporativas están contenidas en la Sec. 602 (f) que específicamente dispone:

"La Universidad de Puerto Rico tendrá todas las atribuciones, prerrogativas, responsabilidades y funciones propias de una entidad corporativa encargada de la educación superior, las cuales ejercerá a través del Consejo. Tendrá autoridad para demandar y ser demandada . . . ."

El Consejo de Educación Superior a su vez está expresamente facultado para aprobar el Reglamento General de Estudiantes, luego de éste ser elaborado por los varios organismos universitarios en la forma y manera, provistas por ley. Véase, 18 L.P.R.A. secs. 605, 609, *ante*.

El citado Reglamento General fue aprobado por el Consejo el 30 de marzo de 1968. Éste crea una Junta de Disciplina en cada recinto para entender en los casos que el propio reglamento provee, cuyas juntas están constituidas por miembros de la administración, facultad y estudiantado en la forma allí dispuesta. Dispone además los tipos de conducta que están sujetos a sanciones disciplinarias por constituir infracciones a las normas esenciales al orden y la convivencia universitaria. Art. 10, Reglamento. Y provee las sanciones que pueden tomarse en relación con las varias violaciones al mismo. Art. 11, Reglamento. También establece el procedimiento para disciplinar a los infractores de sus disposiciones, cuales son la notificación oportuna de cargos, término para alegaciones, derecho a audiencia, derecho a ser acompañado por asesor o consejero, derecho a presentar evidencia y contrainterrogar testigos. Arts. 12, 13, Reglamento.

Los interventores no alegan que el reglamento universitario no haya sido aprobado de acuerdo a la Ley de la Universidad, sino que dicho reglamento es inconstitucional. Tampoco

alegan que la actuación de los funcionarios aludidos. no se ajusta al reglamento. Se limitan a cuestionar la validez constitucional de la Sec. 7 al prohibir la celebración dentro de la Universidad de actos no autorizados por los funcionarios universitarios correspondientes.

■ Examinadas las disposiciones de la Ley de la Universidad y del Reglamento General de Estudiantes, citadas precedentemente, es evidente que la formulación de cargos y los trámites subsiguientes de celebración de vista, etc. son actuaciones autorizadas. Los funcionarios envueltos actuaron de acuerdo con las disposiciones reglamentarias. Siendo su actuación conforme a la ley, la misma está comprendida dentro de las exclusiones del remedio de *injunction* provistas en el Art. 678 del Código de Enjuiciamiento Civil. Cualquier *injunction* preliminar, permanente o con carácter de entredicho, que fuere expedido en tales circunstancias es nulo e inefectivo. 32 L.P.R.A. sec. 3524.

■ El procedimiento de *injunction* no es el adecuado para la determinación de la constitucionalidad o validez de la actuación de un funcionario de una instrumentalidad, agencia o corporación pública si su actuación tiene base en la ley. Para ello es necesario un juicio ordinario. La Ley de Sentencias Declaratorias provee un remedio adecuado que puede utilizarse para la determinación de la validez o constitucionalidad de las disposiciones del Reglamento General de Estudiantes contenidas en la formulación de cargos. 32 L.P.R.A. secs. 2991 *et seq.*

■ No habiéndose demostrado que las actuaciones de los funcionarios universitarios aludidos no están autorizadas por ley o que las disposiciones del Reglamento General de Estudiantes hayan sido declaradas inválidas o inconstitucionales por determinación judicial en sentencia final, firme, inapelable e irrevisable, resolvemos que no procede el recurso de *injunction* para impedir el cumplimiento de la actuación de los demandados en su carácter respectivo de funcionarios de la

Universidad de Puerto Rico, estando dichas actuaciones protegidas por la prohibición contenida en la Sec. 3524 del Título 32 de las Leyes de Puerto Rico Anotadas.

En virtud de lo expuesto *se anulará la orden provisional de entredicho recurrida y se declarará sin lugar la solicitud de entredicho de los interventores en este recurso.*

El Juez Presidente, Señor Negrón Fernández, y el Juez Asociado, Señor Rigau, no intervinieron.