EDMA SANTIAGO DE HERNÁNDEZ, ETC., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE MAYAGÜEZ, HON. LUIS R. APELLÁNIZ, JUEZ, demandado; RAMÓN VALENTÍN CRUZ, interventor.

*Número:* O-73-83      *Resuelto:* 15 de octubre de 1974

*Myriam Naveira de Rodón, Procuradora General, J. F. Rodríguez Rivera, Procurador General Interino,* y *Magda E. Haidar de Martí, Procuradora General Auxiliar,* abogados de los peticionarios; *Lorenzo O. Cabán Arocho, Jovino Martínez* y *Yan García,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Ramón Valentín Cruz, el aquí interventor, fue nombrado en mayo de 1969 Director de Zona de la Defensa Civil, Zona de Mayagüez. En febrero de 1973 la Directora de la Oficina de Defensa Civil le ordenó hacerse cargo de la zona de Humacao y lo trasladó a dicha zona. Valentín Cruz presentó demanda de *injunction* contra el Gobernador de Puerto Rico, Honorable Rafael Hernández Colón, y contra la Directora de la Oficina de Defensa Civil, Honorable Edma Santiago de Hernández, solicitando que se dejara sin efecto la orden de traslado y que se les prohibiese realizar "tales o análogos actos" en contra del demandante. Alega Valentín Cruz que su traslado se debió a razones políticas.

Un día después de presentar su demanda en el tribunal, el interventor presentó una querella sobre este mismo incidente ante la Junta de Personal de Puerto Rico.

El tribunal de instancia dictó una orden de entredicho provisional en 12 de febrero de 1973, la cual, de acuerdo con sus propios términos y a tenor con la Regla 57.2 de Procedimiento Civil, expiraría a los diez días de su expedición y mediante la cual ordenó al Gobernador y a la Directora de la Defensa Civil a abstenerse de trasladar de su cargo al Director de Zona de Mayagüez, hasta nueva orden.

Mediante nueva orden del día 22 de aquel mes el tribunal de instancia enmendó la orden anterior y prorrogó el entredicho provisional hasta la fecha en que el Tribunal Supremo resolviese el asunto. En esa misma fecha el tribunal de instancia declaró sin lugar una moción de desestimación presentada por los demandados. Basaron su solicitud de desestimación los demandados en que el *injunction* era improcedente porque (1)

el demandante tenía a su disposición un remedio administrativo al amparo de la Ley de Personal, cuyo procedimiento administrativo ya él había iniciado y (2) porque el Art. 678(3) del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3524(3), Ley Núm. 1 de 25 de febrero de 1946, prohíbe la expedición de *injunctions* para impedir el cumplimiento de actuaciones de funcionarios públicos autorizadas por la ley, sin que previamente exista una sentencia final y firme declarando que dichas actuaciones son inconstitucionales o inválidas.

A la luz del texto entonces vigente del Art. 678 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3524, y del Art. 1 de la Ley Núm. 1 de 25 de febrero de 1946, enmendatoria de nuestra Ley de *Injunctions*, y de nuestra jurisprudencia interpretativa de dicho artículo, *Arrarás* v. *Tribunal Superior*, 100 D.P.R. 379 (1972), expedimos auto de *certiorari*.

El citado Art. 1 de la Ley Núm. 1 de 25 de febrero de 1946 expresa:

". . . La expedición de órdenes de entredicho y de *injunctions* por las cortes inferiores, en relación con la observancia de estatutos públicos y demás actuaciones de la administración pública, desorganiza el proceso ordenado de gobierno y crea incertidumbre y confusión en la observancia de la ley por motivo de la diversidad de opiniones entre los distintos jueces en cuanto a la validez o constitucionalidad de diversos estatutos y actos públicos."

■ En el caso de autos no se cuestiona la facultad que en ley tienen el Gobernador y su delegado, el Director de Defensa Civil, para hacer traslados dentro de esa organización—la Oficina de Defensa Civil—de personal de tipo normativo o de confianza. No se trata en el caso de autos de un empleado oficinesco sino que se trata de un Director de Zona, cargo que es de importancia jerárquica dentro de la organización estatal de la Defensa Civil. Mal podría funcionar un Director de Defensa Civil si no tuviese la facultad ejecutiva y administrativa de asignar los directores de zona a las zonas del país que él estime necesario.

■ En las ocasiones en que al Gobernador de Puerto Rico, o a su subalterno, el Director de la Defensa Civil, le corresponde actuar en relación con los desastres que la ley prevé, tiene que hacerlo rápida y eficazmente y a través de oficiales y funcionarios dentro de esa organización en los cuales tenga plena confianza. El cargo de Director de Zona cae dentro de esa categoría de personal normativo y de confianza. La propia Ley de Personal dispone que, en cuanto al personal clasificado cubierto por dicha ley, están comprendidos en el *Servicio Sin Oposición*, y no en el *Servicio Por Oposición*, quince o menos funcionarios de cada agencia u organismo público que sean de "tipo normativo, especializado, asesorativo o de confianza." 3 L.P.R.A. sec. 648(b)(2). La ley lo que hace es reconocer un principio fundamental y básico de administración pública que preconiza que la responsabilidad debe ser conmensurable con la autoridad, y viceversa. [1]

■ En vista de que la Asamblea Legislativa aprobó la Ley Núm. 12 de 8 de agosto de 1974, la cual autoriza, en lo pertinente, a los tribunales a dictar órdenes de entredicho provisional cuando en la petición se alegue que alguna persona bajo autoridad de ley esté privando al petitionario de algún derecho protegido por la Constitución y las leyes de Puerto Rico, y en vista de que nuestra Constitución prohíbe las discriminaciones por motivo de raza, color, sexo, nacimiento, origen o condición social y por ideas políticas o religiosas; y por otro lado, atendidas también las necesidades del servicio público y en especial la naturaleza de la Oficina de Defensa Civil, *dejaremos en suspenso el entredicho provisional dictado por el tribunal sentenciador, dejaremos en vigor la orden de traslado, y se devolverá el caso al tribunal de instancia para la*

---

[1] En el primero de esos casos—Servicio Sin Oposición—el nombramiento y el despido es facultativo de la autoridad nominadora. En el segundo—Servicio Por Oposición—el nombramiento es previo examen y el despido es previa formulación y prueba de cargos.

*celebración de una vista en su fondo sobre los méritos de la demanda.*

Los Jueces Asociados, Señores Dávila y Torres Rigual, concurren en el resultado.