# 95 DTA 72

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

ANTILLES INSURANCE COMPANY
Apelante-Recurrido

v.

VANLLELO CASTRO LAUREANO Y OTROS
Apelados-Recurrentes

Núm. KLAN-95-00121

San Juan, Puerto Rico, a 26 de abril de 1995

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La apelante, Antilles Insurance Company, interesa la revocación de la sentencia emitida el 23 de octubre de 1994 por el Tribunal de Distrito, Sala de San Juan, mediante la cual se dispuso la desestimación y archivo de la demanda por ella instada en subrogación y cobro de dinero, por no haberse efectuado trámite alguno durante los últimos seis (6) meses, ello en virtud de lo dispuesto en la Regla 39.2 (b) de Procedimiento Civil. Dicha sentencia fue debidamente notificada, archivándose en autos copia de su notificación el 19 de enero de 1995. Inconforme, la apelante presentó en tiempo oportuno una moción de reconsideración, la que fue declarada sin lugar de plano mediante orden emitida el 6 de febrero de 1995.

Con este trasfondo el apelante presentó el recurso de apelación que nos ocupa el 3 de marzo de 1995.

Por los fundamentos que a continuación pasamos a exponer, resolvemos que resulta procedente disponer la desestimación del recurso instado por falta de jurisdicción.

# I

Antes de entrar en vigor la Ley de la Judicatura de 1994, cuya fecha de efectividad lo fue el 24 de enero de 1995, existía el derecho estatutario que permitía apelar al Tribunal Superior cualquier sentencia final del Tribunal de Distrito, 4 L.P.R.A. sec. 122. Para la formalización de dicho derecho tanto la Regla 53.1 (a) de Procedimiento Civil, 32 L.P.R.A., Ap. III, como la Regla 4 de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A, requieren que el escrito de apelación sea presentado en la Secretaría de la Sección del Tribunal que entendió en el caso, y copia del mismo en la Secretaría del Tribunal de Apelación, dentro del término de treinta días siguientes al archivo en autos de copia de la notificación de la sentencia. *Rodríguez Negrón v. Morales García,* 105 D.P.R. 877, 879 (1977)■ Por su parte el inciso (d) de dicha Regla 53.1 dispone expresamente, refiriéndose al término para interponer un recurso de apelación, que el mismo se interrumpirá por la oportuna presentación de una moción conforme a lo en ella dispuesto, indicando a su vez que *"el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones: ... ; (2) resolviendo definitivamente una moción de reconsideración sujeto a lo dispuesto en la Regla 47; ...".*

Dirigiendo nuestra atención a lo preceptuado por la Regla 47 de Procedimiento Civil, dispone ésta en lo pertinente que si el tribunal rechaza de plano una moción de reconsideración, *"el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido".* ■ Podemos así afirmar, como bien se ha resuelto, que la presentación de una moción de reconsideración en tiempo oportuno no tiene el efecto de interrumpir automáticamente el término para solicitar la revisión del dictamen del tribunal. Para tener tal efecto tiene que ser acogida. *Soc. de Gananciales v. A.F.F.,* 102 D.P.R. 644, 646 (1979).

En lo que respecta a la forma en que una moción de reconsideración interrumpe el plazo de apelación, el Tribunal Supremo lo explicó con claridad en *Rodríguez Rivera v. Autoridad de Carreteras,* 110 D.P.R. 184 (1980). Allí indicó que el término se considerará como que nunca fue interrumpido en aquellos casos donde el tribunal de instancia la rechaza de plano o deja de tomar alguna acción con relación a la misma dentro de los diez (10)días de presentada. Si el tribunal la rechaza con un mero no ha lugar sin oír a las partes, se considerará que la moción fue rechazada de plano. Por otro lado, si señala vista para oír a las partes o se dirige a la parte adversa para que exponga su posición por escrito, o fundamenta su resolución declarando sin lugar la moción, se tendrá por interrumpido el término para apelar o solicitar revisión. *Id.,* a la pág. 187. Podemos así concluir que frente a una moción de reconsideración presentada en tiempo oportuno el tribunal tiene tres opciones respecto a la misma, a saber: (1) tomar, dentro del mencionado término de diez días, *"alguna determinación"* respecto a la referida moción --por ejemplo, señalar la misma para vista, concederle término a la otra parte para que se exprese, etc.-- en cuya situación se entiende interrumpido el término de revisión; (2) declararla **expresamente** sin lugar dentro del mencionado término de diez días; y (3) dejar **transcurrir** el término de diez días --lo que la propia Regla 47 califica como *"rechazar de plano"*-- sin tomar acción alguna respecto a la moción radicada. En estas dos últimas situaciones, se considerará que el término de revisión nunca fue interrumpido. *Villanueva v. Hernández Class,* **91 J.T.S. 58,** a la pág. 8694. Véase además, *Núñez González v. Jiménez Miranda,* 122 D.P.R. 134, 138 (1988); *Pérez Rodríguez v. P.R. Park Systems,* 119 D.P.R. 634, 641 (1987); *Rodríguez Rivera v. Autoridad de Carreteras,* 110 D.P.R. 184, 187 (1980); *Sociedad de Gananciales v. A.F.F.,* 108 D.P.R. 644,

646 (1979); *De León Velázquez v. Frito Lay's, Inc.,* 107 D.P.R. 47, 49 (1978).

## II

Dirigiendo nuestra atención a la situación particular del caso que nos ocupa, surge claramente de los autos que el tribunal declaró sin lugar de plano la moción de reconsideración presentada por la apelante. Por lo tanto, el término que tenía la apelante para presentar su escrito de apelación no quedó interrumpido, siendo el último día hábil para presentar el mismo el martes 21 de febrero de 1995 █ Forzoso resulta entonces concluir que habiéndose interpuesto el recurso que nos ocupa el 3 de marzo de 1995, a dicha fecha había expirado el término jurisdiccional de treinta (30) días que tenía la apelante para presentar el mismo. En consecuencia carecemos de jurisdicción para considerar los méritos del recurso instado, resultando procedente decretar su desestimación. Como bien se ha resuelto, la falta de jurisdicción no puede ser subsanada ni el tribunal puede abrogársela, teniendo los tribunales el ineludible deber de examinar su propia jurisdicción, así como aquél del foro de donde procede el recurso. *Vázquez v. A.R.P.E.,* ___ D.P.R.___ (1991), **91 J.T.S. 53,** pág. 8661.

## III

Por los fundamentos antes expuestos emitimos sentencia decretando la desestimación de la apelación interpuesta en el caso de epígrafe por falta de jurisdicción.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 72

**1.** Para lograr una eficaz transición en la fase preliminar de la implantación de la Ley de la Judicatura de 1994 y brindar certeza a los procedimientos, evitando disloques en el Sistema que redunden en detrimento de los litigantes, el Tribunal Supremo adoptó las Reglas de Transición sobre la Aplicación del Reglamento del Tribunal de Circuito de Apelaciones. En lo pertinente, la Regla 4 (a) de éstas dispone que *"[t]oda decisión dictada o emitida por un tribunal con anterioridad a la vigencia de la Ley de la Judicatura de 1994, cuyo término para recurrir en alzada haya comenzado a decursar con anterioridad a la vigencia de la Ley y no haya sido interrumpido, se continuará tramitando bajo la Ley vigente al momento en que comenzó a decursar el término para recurrir en alzada".*

**2.** La Regla 47 de Procedimiento Civil dispone como sigue:

*"La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.*

*Cuando el término para recurrir de una sentencia fuere interrumpido en virtud de esta regla, la interrupción beneficiará a cualquier otra parte que se hallare en el pleito."* (Enfasis suplido).

**3.** Según surge de los autos la sentencia apelada fue emitida el 23 de octubre de 1994, archivándose en autos copia de la notificación de la misma el 19 de enero de 1995. A partir de esta fecha comenzó a transcurrir el

término de treinta (30) días que tenía el apelante para presentar su escrito de apelación, el que expiró el 18 de febrero de 1995. No obstante y por ser dicho día sábado, ello tuvo el efecto de extender el plazo hasta el martes 21 de febrero, toda vez que el lunes también fue feriado por celebrarse el natalicio de George Washington.