Negroni Cintrón, Juez Ponente
*1297 TEXTO COMPLETO DE LA SENTENCIA
José M. Colón presentó el recurso de apelación que consideramos para que dejemos sin efecto la Sentencia Sumaria dictada en su contra el 14 de agosto de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en el Caso Núm. KPE-95-0080, copia de cuya notificación fue archivada en autos el 16 del mismo mes y año. Mediante ésta, el tribunal de instancia desestimó la demanda incoada por. el apelante al concluir que ésta estaba prescrita.
El 24 de agosto de 1995 el aquí apelante presentó ante el tribunal de instancia una solicitud de reconsideración a la sentencia sumaria que fue declarada sin lugar el 11 de octubre de 1995. La copia de la notificación de este dictamen-fue archivada en autos el 13 de octubre del mismo año.
El 31 de octubre de 1995 el apelante instó ante este Foro el recurso que nos ocupa.
Por los fundamentos que pasamos a exponer procede desestimar el recurso por carecer este Foro de jurisdicción para considerarlo.
1
La Ley de la Judicatura de Puerto Rico de 1994 aprobada el 28 de julio de 1994 instauró el derecho a la apelación en casos civiles y le confirió jurisdicción al Tribunal de Circuito de Apelaciones para entender mediante este recurso de toda sentencia final dictada en casos originalmente presentados en el Tribunal de Primera Instancia. 
En armonía con el mandato legislativo, la Regla 14(a) del Reglamento del Tribunal de Circuito de Apelaciones dispuso, por su parte, que el recurso de apelación se formalizará presentando el escrito de apelación ante el Tribunal Supremo en los casos directamente apelables ante ese Foro, o en la Secretaría del Tribunal de Circuito de Apelaciones o en la del Tribunal que dictó la sentencia, de conformidad con las disposiciones de las Reglas de Procedimiento Civil o de Procedimiento Criminal. En lo referente a las apelaciones en casos civiles la Regla 53.1 de las de Procedimiento Civil de 1979, 32 L.P.R.A., Ap. III, dispone que el recurso de apelación se formalizará presentando un escrito de apelación dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia. Este término puede ser interrumpido por la oportuna presentación de una moción de reconsideración de acuerdo a lo dispuesto en la Regla 47 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III, entre otras.
La Regla 47 de Procedimiento Civil dispone como sigue:

"La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El Tribunal dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazaré de plano, el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido. Si se tomaré alguna determinación en su consideración, el término para apelar o solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del . Tribunal resolviendo definitivamente la moción. Si el Tribunal dejaré de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano."

Para que interrumpa el término apelativo la moción tiene que ser presentada en tiempo y ser acogida por el Tribunal. Sociedad de Gananciales v. A.F.F., 102 D.P.R. 644, 646 (1979).
El término no se interrumpe en aquellas situaciones en que el Tribunal la rechaza de plano o no *1298 toma acción alguna con respecto a la misma dentro de los diez (10) días de haber sido presentada. Se deberá tomar la moción como rechazada de plano si se despacha con un simple no ha lugar, sin oír a las partes. Sin embargo, si el Tribunal fundamenta la negativa, señala vista para escuchar a las partes o le solicita a la parte adversa que exponga su posición por escrito, se tiene por acogida la moción e interrumpido el término para apelar. Villanueva v. Hernández Class, 91 J.T.S. 58; Núñez González v. Jiménez Miranda, 122 D.P.R. 134, 138 (1988); Pérez Rodríguez v. P.R. Park Supliers, 119 D.P.R. 634, 641 (1987).
II
Al aplicar la normativa antes reseñada a la situación particular del pleito que nos ocupa debemos concluir que los apelantes presentaron su recurso fuera del término jurisdiccional de treinta (30) días que vencía el viernes 15 de septiembre del 1995. Como señalamos previamente, la copia de la notificación de la sentencia sumaria recurrida fue archivada en autos el 16 de agosto de 1995. Aunque el apelante presentó en tiempo su moción de reconsideración el 24 de agosto de 1995, tal presentación no interrumpió el término original de treinta (30) días, para entablar el recurso de apelación, pues la moción de reconsideración fue rechazada de plano por el tribunal el 11 de octubre de 1995 y vencido ya el término de diez (10) días que tenía para considerarla. La denegó de plano, pues lo hizo con un sencillo no ha lugar y no escuchó a las partes.
En tales circunstancias, la presentación del recurso de apelación ante este Foro el 31 de octubre del mismo año fue una tardía por haberse realizado setenta y seis (76) días después del archivo en autos de copia de la notificación de la sentencia, tal proceder nos privó de jurisdicción para considerar el recurso.
III
Por los fundamentos antes expuestos, se desestima la apelación en el caso de epígrafe.
Así lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cmz
Secretaria General
ESCOLIOS 95DTA328
1. Artículo 4.002 de la Ley.
2. La Regla 53 del Reglamento de este Tribunal dispone, además, lo siguiente, en lo pertinente:

"En situaciones procesales no previstas por éste Reglamento, aplicarán supletoriamente las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal y el Reglamento del Tribunal Supremo. En ausencia de disposición alguna, el Tribunal de Circuito de Apelaciones encauzará el trámite en la forma que sirva los mejores intereses de todas las partes."

(B.)..."