Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| GARDENIA HOTEL PARTNERS, LLC<br><br>*Apelante*<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO ESJ TOWERS<br><br>*Apelado* | KLAN202400313 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>CA2023CV03921<br><br>Sobre:<br>Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a <u>31</u> de mayo de 2024.

Comparece Gardenia Hotel Partners, LLC (Gardenia o parte apelante), mediante el recurso de *Apelación* de epígrafe y nos solicita la revocación de la *Sentencia*[1] emitida el 31 de enero de 2024, notificada el 1 de febrero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario). Mediante el referido dictamen, el TPI desestimó con perjuicio la causa de acción presentada por la parte apelante.

Por los fundamentos que exponemos a continuación, **modificamos** la *Sentencia* apelada y, así modificada, **confirmamos**.

**I.**

El 8 de diciembre de 2023, Gardenia instó una *Demanda*[2] sobre entredicho provisional, interdicto preliminar e interdicto permanente en contra del Consejo de Titulares del Condominio ESJ Towers (Consejo de Titulares o parte apelada). En esta, Gardenia alegó ser el actual dueño y titular de la propiedad inmueble contigua

---

[1] Apéndice del recurso, págs. 268-280.
[2] Apéndice del recurso, págs. 1-111.

al Condominio ESJ Towers, tras haber adquirido la misma mediante venta judicial en pública subasta. Añadió que, el 26 de enero de 2017, el Consejo de Titulares y Verde Hotel Partners, LLC –anterior dueño de los predios adquiridos por Gardenia– suscribieron un acuerdo denominado *"Access and Use Agreement",* el cual permite el acceso a la propiedad por un camino contiguo a través de la calle Díaz Way. Particularmente, sostuvo que el referido acuerdo, en su párrafo quinto, provee para el reconocimiento del dueño sucesor de la propiedad y éste pueda proceder como parte de dicho acuerdo. No obstante, adujo que la parte apelada ha obstruido ilegalmente el paso de transeúntes y vehículos a través del camino. Por tanto, Gardenia solicitó al TPI que expidiera una orden a los fines de que la parte apelada cesara y desistiera de impedir el uso y disfrute del camino en cuestión.

Seguidamente, el 10 de enero de 2024, el Consejo de Titulares presentó una *Moción de Desestimación*[3]. En síntesis, alegó que la solicitud de *injunction* no procede como cuestión de hecho ni de Derecho, al no cumplir con los requisitos para su expedición, según dispone la Regla 57.3 de Procedimiento Civil[4]. Arguyó que la parte apelante no ha sufrido ni sufrirá daños irreparables por la obstrucción del acceso, debido a que cuenta con un camino que provee acceso a su propiedad a través de la calle Gardenia. Por último, señaló que procede la desestimación del caso por existir un caso paralelo en el que se atienden las mismas alegaciones.

Luego de varios trámites procesales, el 12 de enero de 2024, el TPI celebró una vista de *injunction* preliminar[5].

Por su parte, el 16 de enero de 2024, Gardenia compareció en *Oposición a Solicitud de Desestimación*[6]. Adujo que adquirió el

---

[3] Apéndice del recurso, págs. 221-236.
[4] 32 LPRA Ap. V, R. 57.3.
[5] Véase, Entrada Núm. 35 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[6] Apéndice del recurso, págs. 237-253.

derecho de paso por el camino en controversia, debido a que el acuerdo suscrito el 26 de enero de 2017 contiene una cláusula que vincula a las partes y sus sucesores. Sostuvo que, a través de Escritura de Venta Judicial, se le transfirió la titularidad y los derechos correspondientes a la propiedad como sucesor, bajo el acuerdo antes mencionado. Además, señaló que la obstrucción del acceso al camino a través de la calle Díaz Way ha ocasionado y continúa ocasionando daños insubsanables, debido a que la calle Gardenia es muy estrecha, se inunda y no provee acceso directo a la Avenida Isla Verde. La parte apelante acompañó su moción con los siguientes documentos: Notificación de Orden en el Caso Núm. CA2023CV01159; declaración jurada del señor Ángel Antonio Fullana Olivencia; declaración jurada del señor Charles Lynn Hamilton; copia de un plano; y mapa de rutas.

Luego, el 19 de enero de 2024, el Consejo de Titulares presentó una *Réplica a "Oposición a Solicitud de Desestimación"*[7], en la que se opuso a la prueba presentada por la parte apelante.

Así las cosas, el 31 de enero de 2024, el TPI emitió la *Sentencia*[8] aquí apelada, mediante la cual declaró Con Lugar la *Moción de Desestimación* presentada por el Consejo de Titulares y desestimó con perjuicio la *Demanda.* En lo pertinente, el foro primario determinó lo siguiente:

> [...]

> A la luz de los criterios establecidos y la jurisprudencia aplicable entendemos que estos daños no constituyen daños irreparables, no constituyen un perjuicio inminente o de patente intensidad que justifique la expedición de este recurso extraordinario. No se demostró que las actuaciones de la parte [apelada] afectan o perjudican de manera sustancial el funcionamiento del Hotel y que no hay otro remedio completo, adecuado y capaz a fin de hacer efectivo el derecho reclamado por la parte demandante.

> Ciertamente, lo que es manifiesto es que, en efecto la parte [apelante] sí cuenta con una vía de acceso al Hotel Gardenia. El Hotel cuenta con una vía de acceso y salida por la calle Gardenia por lo que no está vedado el paso al Hotel.

---

[7] Apéndice del recurso, págs. 257-263.
[8] Apéndice del recurso, págs. 268-280.

De hecho, el Hotel pudo inaugurarse y está en operaciones, por lo que no es la calle Díaz Way **la única alternativa con la que cuenta la parte demandante.**

Si evaluamos la irreparabilidad del daño o la inexistencia de otro remedio en ley llegamos a igual conclusión. La parte demandante reclama un **derecho que surge de un Contrato** efectuado el 26 de enero de 2017 denominado "Access and Use Agreement" mediante el cual se establecieron los términos y las condiciones entre dos partes que pactaron permitir el acceso -no exclusivo al Hotel y sus sucesores. Es por eso que, en caso de quedar demostrado que Gardenia Hotel es acreedor de ese derecho, puede exigir el <u>cumplimiento específico del mismo y tiene a su haber una</u> <u>causa de acción de Incumplimiento de Contrato y Daños</u> <u>conforme al Código Civil de Puerto Rico</u>. Razón por la cual, no es el Injuction el único remedio adecuado en ley con el que cuenta la parte demandante.

[…] (Énfasis en el original).

Inconforme con el dictamen, Gardenia presentó el recurso de epígrafe, en el que señala al TPI la comisión de los siguientes errores:

**PRIMERO**: ERRÓ EL TPI AL CONCLUIR QUE LOS DAÑOS ALEGADOS EN LA DEMANDA, NO CONSTITUYEN UN DAÑO IRREPARABLE QUE JUSTIFIQUE UN *INJUNCTION* PRELIMINAR.

**SEGUNDO**: ERRÓ EL TPI AL DETERMINAR QUE LA EVIDENCIA PRESENTADA NO ERA SUFICIENTE PARA CONCLUIR QUE EL DERECHO AL CONTRATO SE CEDIÓ EFICAZ Y VÁLIDAMENTE.

El 30 de abril de 2024, el Consejo de Titulares compareció mediante *Alegato de la Parte Apelada*, en el que adujo que actuó correctamente el foro primario al declarar Con Lugar la *Moción de Desestimación*. La parte apelada reiteró que Gardenia no cumplió con los requisitos para la expedición del *injunction* –tanto preliminar como permanente– solicitado, y tampoco expuso una reclamación que justifique la concesión de un remedio.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil[9], "es aquella que formula el demandado antes

---

[9] 32 LPRA Ap. V, R. 10.2.

de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra"[10]. La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes:

> (1) falta de jurisdicción sobre la materia;
> (2) falta de jurisdicción sobre la persona;
> (3) insuficiencia del emplazamiento;
> (4) insuficiencia del diligenciamiento del emplazamiento;
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio;
> (6) dejar de acumular una parte indispensable[11].

Al resolver una moción de desestimación bajo la Regla 10.2 (5), *supra,* los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas"[12]. La norma que impera es que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante"[13]. Por lo tanto, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y 'únicamente procedería [desestimar] cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'"[14]. Además, "[t]ampoco procede la desestimación, si la demanda es susceptible de ser enmendada"[15].

Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'"[16]. Asimismo, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la

---

[10] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008).
[11] *González Méndez v. Acción Social de Puerto Rico*, 196 DPR 213, 234 (2016).
[12] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 428.
[13] *Íd.,* pág. 429.
[14] *Colón Rivera v. Secretario, et al*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.
[15] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 429.
[16] *Íd.*, pág. 429 que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*, [137 DPR 497 (1994)], *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).

demanda y excluir de su análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba[17].

**-B-**

El interdicto o *injunction* es un procedimiento especial dirigido a proteger al promovente de daños irreparables a su propiedad o a otros derechos mediante una orden que prohíba u ordene ejecutar ciertos actos; gobernado por la Regla 57 de Procedimiento Civil[18], y por los Artículos 675 a 689 del Código de Enjuiciamiento Civil[19]. Al emitirse, constituye un mandato judicial que requiere a una persona que haga o se abstenga de hacer o que permita hacer, determinada cosa que infrinja o perjudique el de otra[20]. Este remedio extraordinario se caracteriza por su perentoriedad, por su acción dirigida a evitar un daño inminente o a restablecer el régimen de ley vulnerado por conducta opresiva, ilegal o violenta del transgresor del orden jurídico[21].

Es característica esencial del auto de *injunction* su vigencia inmediata a partir de la notificación de la sentencia; su eficacia descansa en su naturaleza sumaria y en su pronta ejecución[22]. *Íd.* Los tribunales pueden tomar medidas específicas para eliminar la

---

[17] R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis, 2010, pág. 268.
[18] 32 LPRA Ap. V, R. 57.
[19] 32 LPRA secs. 3521-3566.
[20] 32 LPRA sec. 3521.
[21] *Plaza Las Américas v. N&H*, 166 DPR 631, 643 (2005).
[22] *Ortega Cabrera v. Tribunal Superior*, 101 DPR 612 (1973).

perturbación, sin prohibir absolutamente la conducta del demandado[23].

El interdicto es un remedio discrecional que ha de concederse con cautela, luego de que el promovente demuestre la existencia de los requisitos para su expedición y que el tribunal realice un balance de conveniencias y equidades[24]. Entre los requisitos para su expedición se encuentran la irreparabilidad del daño, la existencia de un remedio adecuado en ley y la probabilidad de prevalecer. Sólo procede en situaciones claras en que las actuaciones del demandado menoscaban o afectan el derecho que el demandante interesa proteger o que pueden perjudicarlo[25]. Por ello, no procede la expedición de un interdicto para la protección de un derecho dudoso[26].

Aquél que solicita el interdicto debe acudir al tribunal sin mediar tardanza inexcusable, carecer de un remedio adecuado en el proceso ordinario, y demostrar que de no concederse antes de adjudicarse el caso en sus méritos sufriría un daño irreparable[27].

La Regla 57 de Procedimiento Civil, *supra*, dispone tres modalidades de interdictos o *injunctions*. Las órdenes de entredicho se emiten *ex parte*, son de naturaleza discrecional, pueden ser emitidas sin notificación a la parte afectada si se demuestra la existencia de un daño inmediato, y son de corta duración, pues expiran, de ordinario, dentro de un máximo de diez (10) días, prorrogables por diez (10) días más[28]. Mientras, el interdicto preliminar o interlocutorio es un remedio provisional que persigue mantener el *status quo* hasta que se celebre el juicio en sus méritos, con el fin de que la conducta del demandado no convierta en

---

[23] *Flores Berger v. Colberg,* 173 DPR 843 (2008).
[24] 32 LPRA sec. 3523; *Municipio de Loíza v. Sucn. Suárez. et. als.*, 154 DPR 333, 367 (2001).
[25] 32 LPRA sec. 3523(2); *E.L.A. v. Asoc. de Auditores,* 147 DPR 669, 679 (1999).
[26] 32 LPRA sec. 3523(1).
[27] *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.,* 173 DPR 304 (2008).
[28] *Arrarás v. Tribunal Superior,* 100 DPR 379 (1972).

académica la sentencia que finalmente se dicte o que se le ocasione al peticionario un daño de mayor consideración mientras se dilucida el litigio[29].

El interdicto preliminar se emite discrecionalmente mediante notificación previa a la otra parte de la orden con copia de la petición de *injunction,* luego de la celebración de una vista, conforme a la Regla 57.1 de Procedimiento Civil, *supra,* de manera que no interfiera con la naturaleza sumaria y expedita de este procedimiento[30]. Su concesión no prejuzga el caso, pero la orden es efectiva hasta que finalice el proceso[31].

Los criterios para determinar la concesión o negación de una solicitud de *injunction* preliminar son: (1) la naturaleza de los daños que puedan ocasionárseles a las partes de conceder o denegarlo; (2) la irreparabilidad o existencia de un remedio adecuado en ley; (3) la probabilidad de que la parte promovente prevalezca eventualmente al resolver el litigio en su fondo; (4) la probabilidad de que la causa se torne académica de no concederlo, y (5) el posible impacto sobre el interés público del remedio que se solicita[32].

Por su parte, el interdicto permanente se produce por una sentencia final. Sin embargo, después del juicio en sus méritos y antes de ordenar un *injunction* permanente, el tribunal debe considerar, nuevamente, la existencia o ausencia de algún otro remedio adecuado en ley[33]. Al determinar si procede otorgar un interdicto permanente, el tribunal deberá considerar igualmente los siguientes criterios: (1) si el demandante ha prevalecido en un juicio en sus méritos; (2) si el demandante posee algún remedio adecuado

---

[29] *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ., supra,* pág. 317; *Rullán v. Fas Alzamora,* 166 DPR 742 (2006).
[30] *Mun. de Ponce v. Gobernador,* 136 DPR 776 (1994).
[31] Regla 57.1 de Procedimiento Civil, *supra; Sucn. Figueroa v. Hernández,* 72 DPR 508, 514 (1951).
[32] *Mun. de Ponce v. Gobernador, supra.*
[33] *Universidad del Turabo v. L.A.I.,* 126 DPR 497, 505 (1990).

en ley; (3) el interés público involucrado y (4) el balance de equidades[34].

**III.**

En su primer señalamiento de error, Gardenia aduce que erró el TPI al determinar que los daños alegados en la *Demanda* no constituyen un daño irreparable. Particularmente, sostiene que las acciones del Consejo de Titulares, al obstruir el paso de transeúntes y vehículos a través del camino en controversia, han causado perjuicios sustanciales al funcionamiento, marca y reputación del hotel.

Conforme a la normativa jurídica precitada, para poder prevalecer en su causa de acción, Gardenia tenía que haber demostrado la existencia de un daño irreparable que no podía ser compensado o atendido por ningún otro remedio jurídico oportuno. Es decir, la magnitud del daño tenía que ser de tal naturaleza, que solo por medio de la expedición del recurso extraordinario se podía evitar el perjuicio alegado por la parte apelante.

Tras un minucioso examen de los argumentos presentados por las partes y los documentos que obran en el expediente, no identificamos que Gardenia haya demostrado la existencia de un daño irreparable que limite sustancialmente la actividad ordinaria del hotel. Además, la parte apelante reclama un derecho que presuntamente surge del acuerdo efectuado el 26 de enero de 2017. Ante ello, coincidimos con el foro primario en que "*en caso de quedar demostrado que Gardenia Hotel es acreedor de ese derecho, puede exigir el cumplimiento específico del mismo y tiene a su haber una causa de acción de Incumplimiento de Contrato y Daños conforme al Código Civil de Puerto Rico*"[35]. Siendo así, el *injunction* no es el único remedio adecuado en ley con el que cuenta la parte apelante. Por

---

[34] *Plaza Las Américas v. N&H, supra,* pág. 644.
[35] Apéndice del recurso, pág. 280.

tanto, determinamos que los criterios establecidos por la Regla 57.3 de Procedimiento Civil[36] para expedir una orden de entredicho provisional o *injunction* preliminar o permanente, no están presentes. En consecuencia, concluimos que el primer error señalado por la parte apelante no fue cometido.

En cuanto al segundo señalamiento de error, Gardenia sostiene que incidió el foro primario al determinar que la evidencia presentada en el caso no fue suficiente para concluir que se le cedieron válida y eficazmente los derechos reconocidos en el acuerdo efectuado el 26 de enero de 2017.

Con relación a lo anterior, el foro primario determinó lo siguiente en la *Sentencia* apelada:

> Además, y esencial a esta petición, es el hecho de que la parte demandante sostiene que es el **sucesor en interés** para propósitos del contrato de acceso. La parte demandante reconoce que el acuerdo fue entre ESJ Towers y Verde Hotel pero fundamenta **su derecho de acceso estipulado en el contrato** en que advinieron en dueños del mediante la compra en pública subasta del Hotel y suscribieron la correspondiente Escritura de Venta Judicial, Cancelación de hipoteca y Pagaré Hipotecario. Con ello, se convirtieron en <u>dueños del hotel</u> y de todos sus derechos. Sin embargo, hay que distinguir los derechos reales adquiridos mediante la Escritura de Venta Judicial y el Contrato en cuestión.
>
> Surge del **Contrato de Acceso** firmado entre <u>ESJ Towers y Verde Hotel</u> requiere en su clausula quinta que se otorgue un *Security Agreement, Pledge and Assignment* mediante el cual sea válida y eficaz la cesión. *Ibec v. Banco Comercial*, 117 DPR 371, 376-377 (1986). La Escritura de Venta Judicial no es un contrato de cesión y la parte demandante no presentó evidencia de dicho acuerdo siendo pertinente para su reclamo.
>
> [...][37] (Énfasis en el original).

Una lectura de las alegaciones contenidas en la *Demanda*[38] demuestran que Gardenia circunscribe su causa de acción a la solicitud de entredicho provisional, *injunction* preliminar e *injunction* permanente al amparo de la Regla 57 de Procedimiento Civil[39]. Ante ello, establecemos que el TPI se excedió al emitir una conclusión

---

[36] 32 LPRA Ap. V, R. 57.3.
[37] Apéndice del recurso, pág. 280.
[38] Apéndice del recurso, pág. 8.
[39] 32 LPRA Ap. V, R. 57.1, 57.2, 57.3.

relacionada con la escritura de venta judicial, cesión o incumplimiento contractual. Así, determinamos que los párrafos antes citados, y contenidos en la *Sentencia*, son inconsecuentes con el dictamen[40].

Por último, resolvemos que en el presente caso no acontecieron las circunstancias para que el foro primario declarara la desestimación con perjuicio. Por tanto, colegimos que se excedió el TPI al desestimar con perjuicio la *Demanda* instada por Gardenia.

**IV.**

Por los fundamentos antes expuestos, **modificamos** la *Sentencia* apelada a los efectos de disponer que la desestimación de la *Demanda* del caso de epígrafe sea sin perjuicio. Además, ordenamos que los dos párrafos de la *Sentencia* apelada mencionados en la parte III del presente dictamen, se den por no puestos. Así modificada, **confirmamos**.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[40] *Dolphin Int'l of P. R. v Ryder Truck Lines*, 127 DPR 869, 891 (1991); *Sánchez v. Eastern Air Lines, Inc.*, 114 DPR 691, 695 (1983); *Collado v. E.L.A.,* 98 DPR 111, 114 (1969); *Rodríguez v. Serra,* 90 DPR 776, 777 (1964).