ERNESTO PÉREZ RODRÍGUEZ, ETC., querellantes y recurridos, *v.* PUERTO RICO PARKING SYSTEMS, INC., querellada y recurrente.

*Número:* CE-87-289     *Resuelto:* 20 de noviembre de 1987

*Ilka H. Díaz Delgado,* abogada de la recurrente; *Iván Ortiz Monroig,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

En el presente recurso debemos resolver si el término de treinta (30) días que establece el Art. 16 de la Ley Orgánica del Departamento de Asuntos del Consumidor, 3 L.P.R.A. sec. 341o —término de carácter jurisdiccional, *G.M. Overseas Dist. Corp.* v. *D.A.C.O.,* 114 D.P.R. 5, 7 (1983), dentro del cual el Secretario de dicho Departamento deberá "decidir la reconsideración solicitada"— se "interrumpe" por la acción afirmativa de D.A.C.O., tomada dentro del mencionado término, señalando para vista la referida moción de reconsideración. El Tribunal Superior de Puerto Rico, Sala de San Juan, resolvió en la negativa. Por las razones que pasamos a expresar, procede la revocación de dicha determinación.

I

El día 21 de septiembre de 1983, el Sr. Ernesto Pérez Rodríguez radicó querella ante el Departamento de Asuntos del Consumidor en la cual alegó el hurto de un vehículo de motor de su propiedad de un estacionamiento operado con fines de lucro por la querellada recurrente Puerto Rico

Parking System, Inc. Contestada la querella y celebrada la correspondiente vista, el Departamento emitió resolución en la cual le ordenó a la querellada a satisfacerle al querellante, como indemnización por el hurto de su auto, la suma de $2,245.

Radicada en tiempo la moción de reconsideración por la parte querellada, el Departamento de Asuntos del Consumidor —mediante resolución al efecto y *dentro* del término de treinta (30) días desde la fecha de la radicación de la reconsideración— expresando que un "estudio del expediente a la luz de la Moción de Reconsideración hace necesario citar a las partes para discutir la misma", declaró con lugar la moción de reconsideración radicada "a los s[o]los efectos de discutir la misma". *Exhibit* 8, pág. 16. Procede que se enfatice, en adición, que en la mencionada resolución el Departamento hizo constar que dejaba "en suspenso" la resolución originalmente emitida mediante la cual había declarado con lugar la querella radicada.

La vista señalada por la referida agencia administrativa en relación con la reconsideración solicitada se llevó a efecto el 2 de abril de 1985. El 7 de mayo de dicho año, el Departamento emitió resolución mediante la cual declaró sin lugar la moción de reconsideración, dejando en su consecuencia en pleno vigor la resolución original impositiva de responsabilidad. El 22 de mayo de 1985, la querellada acudió en revisión judicial ante el Tribunal Superior de Puerto Rico, Sala de San Juan. En dicho recurso alegó, en lo pertinente, que D.A.C.O. había errado al imponerle responsabilidad, por cuanto el querellante no había probado la titularidad sobre el vehículo de motor hurtado y al evaluar la suma de dinero a que, en el supuesto de que el querellante fuera el dueño, éste tenía derecho.

El tribunal de instancia originalmente dictó sentencia declarándose sin jurisdicción por razón de que la moción de reconsideración había sido radicada por la querellada

tardíamente ante el D.A.C.O. Aclarada satisfactoriamente dicha situación,(1) dicho tribunal, *interpretando las disposiciones del citado Art. 16*, expresó que de todas formas no tenía jurisdicción para entender en el recurso radicado por cuanto:

> ...el plazo que dispone la Ley Orgánica de DÁCO es un plazo para dicha agencia *decidir* en cuanto a la moción de reconsideración, y no para meramente señalar dicha moción. *Como ya habíamos indicado en la Sentencia de 5 de marzo 1987, la Resolución de DACO de 28 de enero 1985 no decidió nada con relación a la moción de reconsideración, y en realidad lo único que hizo fue señalarla para vista el 2 de abril 1985. Resolvemos ahora que una Orden tal no tiene el efecto de interrumpir el plazo jurisdiccional pertinente, el cual expiró el mismo 28 enero 1985.* Todas las actuaciones posteriores de DACO fueron sin jurisdicción, y el plazo para acudir al Tribunal en revisión que concede la misma Ley Orgánica de DACO venció el martes 12 de febrero de 1985. Cuando se presentó el recurso de revisión el 22 mayo de ese año el plazo claramente había vencido.
> La parte querellada recurrente estaba representada por abogado durante los procedimientos ante DACO. No puede alegar que la Orden de DACO señalando la moción de reconsideración le haya causado confusión, ante el clarísimo lenguaje del Tribunal Supremo en *GMODC* v. *DACO*, supra, interpretando la naturaleza de los plazos establecidos en la Ley Orgánica de DACO. (Énfasis suplido.) *Exhibit* 4, págs. 7-8.

Inconforme, acudió Puerto Rico Parking Systems, Inc., ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari* imputándole error al así decidir el foro de instancia. Mediante Resolución de 21 de mayo de 1987 le concedimos término, *tanto al querellante Ernesto Pérez Rodríguez como al D.A.C.O.*, para mostrar causa:

---

(1) La misma fue aclarada, mediante documentación al efecto obrante en el expediente del caso pertinente a la agencia administrativa, por la parte querellada en una moción de reconsideración que ésta radicara ante el foro de instancia.

...por la cual este Tribunal no deba expedir el auto solicitado y dictar sentencia revocatoria de la dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, el día 5 de marzo de 1987, por razón de que el señalamiento para vista que hiciera el Departamento de Asuntos del Consumidor en relación con la Moción de Reconsideración que ante dicho Departamento radicara la parte aquí recurrente, interrumpió el término de treinta (30) días que dispone el Artículo 16 de la Ley Orgánica del Departamento de Asuntos del Consumidor (3 L.P.R.A. sec. 341[o]).

El Departamento de Asuntos del Consumidor ha comparecido.([2]) Resolvemos.

## II

El Art. 16 de la Ley Núm. 5 de 23 de abril de 1973 —Ley Orgánica del Departamento de Asuntos del Consumidor— establece:

Cualquier parte adversamente afectada por la decisión del Secretario, o del funcionario que éste designe a tenor con el inciso (d) de la sección 341e de este título, en un procedimiento de naturaleza cuasi judicial o cuasi legislativa deberá, salvo en los procedimientos radicados por la Oficina de Asuntos Monopolísticos, solicitar dentro del término de diez (10) días a partir de la fecha de notificación de la decisión, la reconsideración del Secretario. *El Secretario tendrá treinta (30) días para decidir la reconsideración solicitada, pasados los cuales, si no ha emitido su decisión se entenderá No Ha Lugar a la reconsideración solicitada,* disponiéndose que el Secretario notificará tal hecho a la parte afectada. (Énfasis suplido.)([3])

---

([2]) El D.A.C.O., en su comparecencia, se limita a señalarnos que el asunto a dirimirse en el presente recurso lo es "...el carácter, naturaleza y vigencia de los términos dispuestos en Ley para someter ante la Agencia, y ésta resolver las mociones de reconsideración ...". Nos refiere a un alegato radicado por dicha agencia en otro recurso, actualmente pendiente ante el Tribunal.

([3]) 3 L.P.R.A. sec. 341o.

Concedemos que una lectura literal de los términos en que está concebido el transcrito Art. 16 puede llevar a la interpretación restrictiva que del mismo realizó el tribunal de instancia; esto es, que el D.A.C.O. viene en la obligación de *decidir definitivamente*, dentro del término de treinta días, la reconsideración solicitada.

La misma, sin embargo, situaría a dicho organismo administrativo en una posición sumamente difícil. Debe tenerse conciencia de que se trata de una agencia ante la cual se radican miles de querellas, lo que requiere, a su vez, que ésta adjudique las mismas mediante la emisión de miles de decisiones. Por otro lado, como hemos visto, el citado Art. 16, *supra, exige* de la parte que pretenda revisar ante los tribunales la decisión emitida por el D.A.C.O. que radique una moción de reconsideración ante la agencia como condición para poder acudir en revisión judicial. Exigirle a D.A.C.O. que *definitivamente resuelva* las mociones de reconsideración dentro del referido término de treinta días constituye posiblemente pedirle que realice un imposible.

Somos del criterio que dicho organismo administrativo debe tener, al igual que los tribunales, la facultad de considerar (*entertain*) las mociones de reconsideración que a su juicio sean meritorias y de esta forma contar con más tiempo para resolver las mismas. En otras palabras, debe aplicarse a esta situación por analogía el principio contenido en la Regla 47 de Procedimiento Civil de 1979 a los efectos de que si "se tomare *alguna determinación* en su consideración, el término...empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución...resolviendo definitivamente la moción de reconsideración". (Énfasis suplido.) 32 L.P.R.A. Ap. III.

Como es sabido, nada impide que en casos apropiados se adopten normas de las Reglas de Procedi-

miento Civil para guiar el curso del proceso administrativo cuando las mismas propicien una solución justa, rápida y económica de dichos procedimientos. *Berríos* v. *Comisión de Minería,* 102 D.P.R. 228 (1974); *Martínez* v. *Tribunal Superior,* 83 D.P.R. 717 (1961). Debe mantenerse presente que en todo *proceso adjudicativo,* sea éste de naturaleza judicial, administrativa o de cualquier otra índole, siempre debe prevalecer el propósito de hallar la verdad y hacer justicia a las partes. *J.R.T.* v. *Aut. de Comunicaciones,* 110 D.P.R. 879 (1981).

De hecho, en *G.M. Overseas Dist. Corp.* v. *D.A.C.O.,* ante —caso en que resolvimos que el término de treinta días es uno de carácter jurisdiccional— intimamos la aplicabilidad por analogía de la citada Regla 47 de Procedimiento Civil a los efectos de que el referido término podía ser interrumpido si el D.A.C.O. tomaba *alguna acción* respecto a la moción de reconsideración radicada. A la pág. 9 de dicha decisión específicamente expresamos que se entendería como una "denegatoria implícita de la solicitud de reconsideración *si el Secretario no toma acción*". (Énfasis suplido.) Es de notarse que no exigimos que el Secretario *decidiera* en sus méritos la moción; resolvimos que la reconsideración se entendería denegada si no tomaba "acción" respecto a la misma.

■ Por los fundamentos antes expuestos, resolvemos que el término de treinta (30) días que establece el citado Art. 16 de la Ley Orgánica del D.A.C.O. se entiende interrumpido cuando dicho organismo administrativo toma *acción afirmativa,* dentro del referido término, que demuestra que dicha agencia *ha acogido (entertained)* la moción de reconsideración que se haya radicado en un caso en particular; en cuya situación, el mencionado término empezará a contarse nuevamente a partir de la fecha en

que la agencia, mediante resolución al efecto, resuelva definitivamente la moción de reconsideración que acogió.

■ A los efectos de ilustración sobre cuándo se debe entender que el D.A.C.O. *ha acogido* la moción de reconsideración debe mantenerse presente lo expresado por este Tribunal, respecto a una moción de reconsideración bajo la referida Regla 47 de Procedimiento Civil, en *Rodríguez Rivera* v. *Autoridad Carreteras*, 110 D.P.R. 184, 187 (1980):

> *Procede, pues, definir qué contempla el acto judicial de tomar "alguna determinación al considerar la moción".* Es evidente, por disponerlo así la propia regla, que si el tribunal la rechaza con un mero no ha lugar, sin oír a las partes, se considera que la moción fue rechazada de plano. *Ahora bien, si señala una vista para oír a las partes, o se dirige a la parte adversa para que exponga su posición por escrito, o fundamenta su resolución declarando sin lugar la moción, se tendrá por interrumpido el término para apelar o solicitar revisión.* Sin que pretendamos agotar la lista, éstas son propiamente actuaciones o determinaciones demostrativas de que el tribunal ha acogido la moción de reconsideración. (Énfasis suplido.)

### III

En el presente caso, como hemos visto, el D.A.C.O. entendió que la moción de reconsideración que había radicado el aquí peticionario hacía "necesario citar a las partes para discutir la misma". A esos efectos, y dentro del término de treinta días de haberse radicado la moción de reconsideración, expidió una resolución mediante la cual señaló una vista, dejando "en suspenso" su resolución original. Ello obviamente significa que el D.A.C.O. *acogió* la moción de reconsideración que radicara el peticionario. Quedó, en su consecuencia, interrumpido el referido término de treinta días, comenzando nuevamente a contar el mismo

642

desde la fecha en que el D.A.C.O., mediante resolución al efecto, finalmente declaró sin lugar la reconsideración. Ello tiene la consecuencia de que el recurso de revisión judicial que radicara el peticionario ante el Tribunal Superior de Puerto Rico, Sala de San Juan, fuera radicado en tiempo.

Por los fundamentos antes expresados, *se expide el auto y se dicta sentencia revocatoria de la dictada por el tribunal de instancia, devolviéndose el caso a dicho foro para la continuación de procedimientos compatibles con lo aquí resuelto.*