# 95 DTA 202

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

ESPERANZA SUGAR PLANTATION HOTEL CORPORATION, REPRESENTADA POR SU SINDICO LIQUIDADOR, EL LCDO. CARLOS RODRIGUEZ QUESADA
Recurrentes-Peticionarios

v.

JUNTA DE PLANIFICACION
Recurrida

Núm. KLCE-95-00291

San Juan, Puerto Rico, a 28 de junio 1995

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos.

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Esperanza Sugar Plantation Hotel Co. (Esperanza Sugar) solicita la revocación de la sentencia dictada el 8 de marzo de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan, denegando la solicitud de revisión judicial instada contra una resolución de la Junta de Planificación (la Junta), por haber sido interpuesta tardíamente.

Arguye la peticionaria que el tribunal recurrido erró al resolver que la Junta no acogió su moción de reconsideración y que el recurso de revisión fue presentado fuera de término.

En cumplimiento de nuestra orden del 19 de mayo de 1995, la Junta nos informa que, aunque consideró la moción de reconsideración, para todos los efectos prácticos fue rechazada de plano.

Denegamos la expedición del recurso solicitado por entender que el tribunal recurrido resolvió correctamente que la solicitud de revisión judicial fue presentada transcurrido el término jurisdiccional de treinta (30) días dispuesto en la sección 4.2 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sección 2172.

En 1994 la Junta emitió resolución aprobando la Consulta de Ubicación Núm. 94-76-0122-JPU para la ubicación de un proyecto residencial turístico en el Barrio Real de Vieques. El 6 de diciembre de 1994, dentro del término para solicitar reconsideración, Esperanza Sugar presentó moción de reconsideración ante la Junta. Esta, en su reunión del 14 de diciembre de 1994, resolvió reafirmarse en su acuerdo anterior. La resolución en reconsideración fue notificada a las partes el 27 de enero de 1995.

El 27 de febrero de 1995 Esperanza Sugar presentó recurso de revisión judicial ante el Tribunal de Primera Instancia. Este denegó el recurso bajo el fundamento de que la moción de reconsideración no había sido acogida y que habiendo sido rechazada de plano, la fecha para recurrir en revisión comenzó a decursar a partir del vencimiento del término de quince (15) días dispuesto en la sección 3.15 de la Ley Núm. 170, *supra*. En consecuencia, concluyó que el recurso fue presentado fuera de término.

Aunque el tribunal recurrido determinó que la Junta no acogió la moción de reconsideración, en la resolución en reconsideración y en la certificación que nos somete, la Junta indica que la consideró y que luego de analizar los planteamientos de Esperanza Sugar en la moción, se reafirmó en su acuerdo anterior. Conforme a la norma jurisprudencial

establecida en *Pérez Rodríguez v. P.R. Parking Systems. Inc.,* 119 D.P.R. 634, 641 (1987) y *Rodríguez Rivera v. Autoridad de Carreteras,* 110 D.P.R. 184, 187 (1980), la actuación de la Junta podría ser demostrativa de que acogió la moción de reconsideración, aunque no notificó tal hecho.

No empece lo anterior, entendemos que el tribunal no incidió al resolver que el recurso de revisión judicial fue presentado tardíamente. Sabido es que la revisión de una sentencia o resolución final se da contra ésta y no por sus fundamentos. *Díaz Martínez v. Policía,* ___ D.P.R. ___ (1993), **93 J.T.S. 122,** pág. 11048.

La sección 3.15 de la Ley Núm. 170, *supra,* 3 L.P.R.A. sección 2165, en lo pertinente a la controversia objeto de este recurso, dispone que:

> *"La agencia dentro de los quince (15) días de haberse presentado moción [de reconsideración] deberá considerarla. Si la rechazare de plano o **no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente o desde que se notifique dicha denegatoria o quince (15) días,** según sea el caso."* (Enfasis suplido).

En este caso, si bien la Junta consideró y resolvió la moción de reconsideración dentro de los quince (15) días antes aludidos, las partes fueron notificadas transcurrido dicho término, así como el término para solicitar revisión. La peticionaria no refuta ese hecho. Además, fue debidamente advertida en la resolución aprobando la consulta de ubicación de sus derechos y los términos para presentar recurso de reconsideración y de revisión, según establecidos en la acción 3.15.

Por ende, vencido el término de quince (15) días, por mandato expreso de la sección 3.15, Esperanza Sugar tenía que entender rechazada de plano la moción de reconsideración, y en su consecuencia, acudir al tribunal dentro del término de treinta (30) días dispuesto en la sección 4.2, *supra.* En otras palabras, que a partir del 21 de diciembre de 1994 comenzó a decursar el término para la revisión judicial, venciendo éste el 20 de enero de 1995. Por lo tanto, su presentación el 27 de febrero de 1995, fue en extremo tardía.

Es cierto que una resolución acogiendo o actuando sobre una moción de reconsideración notificada previo al vencimiento del término para la revisión judicial, podría tener el efecto de interrumpir dicho término. No obstante, en este caso, se notificó la resolución en reconsideración transcurrido el término para la revisión, cuando la peticionaria ya tenía que considerarla rechazada de plano desde los quince (15) días a partir de la presentación de la reconsideración. Por tanto, no puede invocarse efecto interruptor alguno.

En conclusión, no incurrió en error el tribunal recurrido al denegar el recurso de revisión por haber sido interpuesto tardíamente.

Por los fundamentos antes expuestos, se deniega la expedición del recurso de certiorari.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 202**

**1.** Téngase presente que en su moción de reconsideración, Esperanza Sugar solicitó en la alternativa, dispensa de ciertos requisitos.