# 99 DTA 202

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL IV**

RAMON AVILA PEREZ Y/O [SIC] ESTHER M. FERNANDEZ TORRES
Querellante-Recurrida

v.

HECTOR DIAZ CARABALLO
Querellado-Recurrente

Núm. KLRA-99-00234

San Juan, Puerto Rico, a 9 de junio de 1999

Panel integrado por su Presidente, Juez Rossy García
y los Jueces González Rivera y Ortiz Carrión

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El recurso instado en el caso de epígrafe interesa la revisión y revocación de una resolución y orden emitida y notificada el 26 de febrero de 1999 por el Departamento de Asuntos del Consumidor (D.A.C.O.). Mediante ésta, dicho foro administrativo determinó que el querellado, Sr. Héctor Díaz Caraballo (Sr. Díaz), luego de convenir en construir una obra para la parte querellante por el precio total de sesenta y seis mil quinientos dólares ($66,500), *"incumplió con el contrato pactado [al] deja[r] la obra sin terminar y al no entregarla dentro del término pactado"*. ■ A tenor, ordenó al querellado, Sr. Díaz, a indemnizar *"a la parte querellante pagándole la suma de quince mil treinta y tres dólares con cuarenta y ocho centavos, ($15,033.48) más los intereses"*. Según surge del dictamen recurrido, dicha suma corresponde a los gastos en que tuvieron que incurrir los querellantes-recurridos para completar la construcción, más la suma correspondiente, según determinada, por virtud de la cláusula penal que se hizo formar parte del referido contrato de obra.

Notificado como fue dicho dictamen e inconforme con el mismo, el 18 de marzo de 1999, el Sr. Díaz interpuso en tiempo oportuno una moción de reconsideración, la que fue declarada *"No ha Lugar"* por el D.A.C.O. el 23 de marzo de 1999. Procedió luego a presentar el recurso que nos ocupa en el que imputa, como único fundamento de revocación, que *"[e]rró el D.A.C.O. al resolver que el querellado incurrió en incumplimiento de sus obligaciones y [que] debe indemnizar a los querellantes, al no tomar en cuenta la prueba de ambas partes demostrativa de que los querellantes incurrieron en actos u omisiones que ocasionaron sus propios daños y que los hacían responsables en todo o en parte del cumplimiento de las obligaciones contraídas por las partes, incluyendo al Banco"*. ■ Observamos, no obstante, que estando dirigido dicho señalamiento de error a impugnar la suficiencia de la prueba, ninguna moción acompañó el ahora recurrente, Sr. Díaz, para acreditar la necesidad de recurrir a la prueba oral vertida ante el D.A.C.O., ello a tenor de la Regla 67(A) de este Foro, 4 L.P.R.A. Ap. XXII-A. Esta dispone, en lo pertinente, que *"[c]uando se apuntare error en la apreciación de la prueba oral o que alguna determinación de hechos no est[á] sostenida por la prueba, y sea necesario recurrir a la prueba oral, la parte recurrente lo hará constar en moción por separado, presentada junto al escrito inicial de revisión"*. Incumplió así el recurrente con el trámite dispuesto para el perfeccionamiento del recurso por él presentado y con su obligación de ponernos en condición de considerar los méritos de tal señalamiento de error, lo que constituye base para denegar la expedición del auto solicitado. Basta con señalar que las decisiones de los entes administrativos tienen a su favor una presunción de regularidad y corrección, correspondiéndole a la parte afectada por la decisión administrativa el peso de la prueba para derrotar tal presunción. Adviene así la parte afectada en la obligación de establecer que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que se le demuestre claramente que la decisión del organismo administrativo fue arbitraria y no está justificada por una evaluación justa del peso de la prueba que tuvo ante sí. *P.R.T.C. v. Unión Independiente de Empleados,* 131 D.P.R. 171 (1992); *Hilton Hotels v. Junta,* 174 D.P.R. 670 (1953). Tal obligación no ha sido descargada en el caso que nos ocupa por el recurrente.

De otra parte, el recurrente dejó de incluir en el Apéndice la contestación a la querella presentada ante el D.A. C.O. Incumplió así con lo dispuesto en la Regla 59E(I) (a) del Reglamento de este Foro, que ordena incluir en el apéndice copia de las alegaciones de las partes, entre ellas las contestaciones a la querella. Tal incumplimiento nos priva de jurisdicción para considerar los méritos del recurso, toda vez que dejó de perfeccionarse el mismo dentro del término jurisdiccional de treinta (30) días dispuesto por la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), ■ 3 L.P.R.A. sec. 2172. En cuanto a este extremo, y como bien ha expresado el Tribunal Supremo, el término para presentar y perfeccionar el recurso de revisión judicial con su Apéndice, es uno de índole jurisdiccional, y ninguna discreción tenemos para extender aquel que tenía disponible el recurrente a tales efectos. *Mfrs. H. Leasing v. Carib. Tubular Corp.,* 115 D.P.R. 428 (1984).

Ahora bien, independientemente de lo antes indicado y dirigiendo en este momento nuestra atención a los

fundamentos desestimatorios invocados por los querellantes-recurridos en la moción por ellos presentada el 11 de mayo de 1999, exponen y acreditan éstos que los recurrentes no les notificaron copia de la moción de reconsideración que presentaron ante el D.A.C.O., sino hasta luego que la misma los fue denegada. Según exponen, *"la parte querellante-recurrida se entera de que la [querellada] había solicitado la reconsideración [de la] Resolución emitida por el D.A.C.O. el 26 de febrero de 1999, cuando recibe la Resolución del D.A.C.O. el 23 de marzo de 1999. El día después, es que se recibe mediante correo regular, una copia de la alegada Moción de Reconsideración"*. ■ Así nos peticionan la desestimación del recurso instado en el caso de epígrafe, por falta de jurisdicción. En apoyo a tal solicitud argumentan que aun cuando la moción de reconsideración presentada por el querellado ante el D.A.C.O. se hizo dentro del término de veinte (20) días establecido en la sección 3.15 de la L.P. A.U., ■ 3 L.P.R.A. sec. 2165, dicha parte incumplió con su obligación de notificar el referido escrito a la querellante dentro de ese mismo término de carácter jurisdiccional, lo que hizo luego de haber éste expirado y serle denegada dicha moción. Postulan así que el plazo para acudir en revisión judicial no quedó interrumpido con la presentación de la referida moción, ello como base para argumentar que el recurso de epígrafe fue presentado fuera del término jurisdiccional de treinta (30) días dispuesto en la sección 4.2 de la L.P.A.U., *supra*, cuyas disposiciones rigen la revisión judicial de las determinaciones de las agencias administrativas.

Habiendo transcurrido el término dispuesto por la Regla 68 del Reglamento de este Foro para replicar a la referida moción de desestimación sin que los recurrentes hayan formulado oposición, y encontrándonos en condición de dictaminar, procedemos a pronunciarnos en torno a los méritos de la misma.

Debemos aquí reiterar de entrada que la jurisdicción apelativa de este foro, dentro del ámbito del derecho administrativo, está delimitada por las disposiciones pertinentes de la L.P.A.U., *supra*, así como por aquéllas dispuestas en la Ley de la Judicatura de 1994, 4 L.P.R.A. sec. 22 *et seq.*, según enmendada. Con anterioridad a la enmienda que sufriera la L.P.A.U. a raíz de las disposiciones de la Ley Núm. 247 de 1995, cuya vigencia se hizo efectiva al 1ro. de mayo de 1996, eran dos los requisitos con los que debía cumplir una parte adversamente afectada por la decisión de una agencia administrativa para poder acudir en revisión ante nuestros foros judiciales. De una parte, debía acreditar la oportuna presentación de una moción de reconsideración, requisito que formaba parte de la doctrina sobre agotamiento de remedios ante la agencia, el cual fue derogado por la referida Ley. ■ De otra, y una vez agotado tal remedio, la interposición del recurso de revisión tenía que hacerse dentro del término allí provisto, el cual se dispuso por el legislador que consistiría de un plazo de treinta (30) días *"contados a partir de la fecha del archivo en autos de la notificación de la orden o resolución final de la agencia"*. Sec. 4.2, 3 L.P.R. A. sec. 2172. Asimismo se dispuso que la parte promovente del recurso venía obligada a notificar la presentación de la solicitud de revisión no sólo a la agencia recurrida sino también a todas las partes, y que tal notificación debía hacerse dentro del término dispuesto para solicitar la revisión, es decir, treinta (30) días, *Id.*, requisitos ambos de carácter jurisdiccional. *Méndez v. Corp. Quintas de San Luis*, 127 D.P.R. 635, 636-637 (1991).

Ahora bien, aun cuando la Ley Núm. 247, *supra*, eliminó el requisito de presentar una moción de reconsideración como paso previo a la revisión judicial, la parte que así lo interese siempre puede optar por dicha alternativa. En tal caso, y para preservar el derecho de poder acudir en revisión judicial, dicha parte debe atenerse a los términos y condiciones que se advierten en la sección 3.15 de la L.P.A.U., *supra*, cuyo texto literalmente dispone que:

*"[l]a parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha en archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazaré de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para*

491

*solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de dicho término de noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. 3 L.P.R.A. sec. 2165."*

Del detenido análisis de la precedente disposición observamos que, distinto a la sección 4.2, *supra*, atinente al recurso de revisión, la sección 3.15, que regula la moción de reconsideración, nada dispone en cuanto a la notificación de tal escrito a las demás partes.

Ahora bien, refiriéndose a la notificación de mociones, la Regla 68 del Reglamento de este Foro, 4 L.P.R.A. Ap. XXII-A, dispone, en lo pertinente, que *"[t]odas las mociones se notificarán a las demás partes en la misma fecha de su presentación"*.

Por su parte, la Regla 29.1 del Reglamento Núm. 5416, aprobado por el D.A.C.O. el 24 de abril de 1996, estableciendo las Reglas de los Procedimientos Adjudicativos, dispone que *"[t]oda parte que radique un escrito ante el Departamento vendrá obligado a notificarle de inmediato a las demás partes que hayan comparecido en el procedimiento administrativo. [...] Toda notificación se hará el mismo día de radicación [y se] llevará a cabo mediante el envío de una copia del escrito por correo a las partes o sus representantes, a las direcciones postales que hayan informado"*.

De un examen integral de las referidas disposiciones de ley y reglamento, claramente surge que si bien no hay un mandato legislativo expreso que imponga un término dentro del cual deba notificarse una moción de reconsideración, vienen obligadas las partes a notificar todo escrito a las demás partes en la misma fecha de su presentación. Se trata, pues, de una obligación que si bien no goza de una naturaleza jurisdiccional, por no existir un mandato expreso de ley que así lo declare, requiere que se le de cumplimiento estricto por las partes. Somos del criterio y así ahora lo resolvemos, que la presentación de una moción de reconsideración que no sea notificada a todas las partes dentro del término jurisdiccional dispuesto por ley, en circunstancias donde ninguna causa justificada se aduce para no haber cumplido rigurosamente con el mismo, no genera ningún efecto interruptor en lo que respecta al término jurisdiccional disponible para recurrir ante este Foro. Nos persuade a así dictaminar lo resuelto por el Tribunal Supremo en *Lagares v. E.L.A.,* 144 D.P.R. ___ (1997), **97 J.T.S. 149.** En éste, enfrentado dicho alto Foro a una situación similar respecto a la notificación de una moción de reconsideración en el ámbito judicial, e interpretando la Regla. 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47, regulatoria de la *"Moción de Reconsideración"*, concluyó que el promovente de una moción de reconsideración debe notificársela a la parte contraria, a la misma vez que presenta dicha moción a la consideración del Tribunal de Instancia. Al así resolver, reconociendo que si bien la Regla 47 de Procedimiento Civil nada dispone en cuanto a la notificación de la moción a las partes, se negó a adscribirle carácter jurisdiccional a la obligación de notificar la moción dentro del término jurisdiccional dispuesto para su presentación. Resolvió, no obstante, que la misma debe notificarse dentro del término para presentarla, lo que constituye un requisito de cumplimiento estricto. *Lagares v. E.L.A., supra,* a la pág. 414. Fue consideración que lo llevó a así concluir, el reconocimiento que hace el Tribunal Supremo de que las Reglas de Procedimiento Civil están permeadas de una filosofía procesal cuyo fin perseguido es lograr que todas las partes envueltas en un pleito estén plenamente enteradas de lo que en éste acontece y puedan expresarse sobre todos los desarrollos en éste. A tales efectos, cita las Reglas 8.4 y 67.1, ■ las que proveen para que toda moción o alegación sea notificada a las demás partes nombradas en el pleito para que, a tenor, puedan pronunciarse, ya sea en oposición o en apoyo a lo solicitado por el promovente de la moción de que se trate. Reconoció, además, la

importancia que tiene para la parte adversa el conocimiento oportuno de la moción para que pueda formular cualquier señalamiento que entienda es procedente, así como su efecto en la rápida tramitación y disposición de la misma, toda vez que tal notificación le permite al foro promovido --si es que opta por acoger la moción-- ordenar a la otra parte lo que en derecho proceda, ello sujeto a un término más abreviado que el que tendría que conceder en ausencia de tal notificación. Apoyado así en tales fundamentos y según ya indicado, el Tribunal Supremo resolvió que, *"aunque la notificación por el promovente de una moción de reconsideración dentro del término fijado para presentarla, no es de carácter jurisdiccional, dicha moción debe notificarse dentro del término referido, [lo que] constituye un requisito de cumplimiento estricto"*. ■ Tales criterios y principios son de perfecta aplicación al caso que nos ocupa. ■

Al considerar ahora la situación particular del caso que nos ocupa, el 26 de febrero de 1999 el querellado recurrente fue notificado de la resolución emitida por el D.A.C.O., mediante la cual adjudicó en forma adversa a éste la querella que contra él promovió el matrimonio Avila Fernández. En ésta fue advertido que *"[si la parte afectada opta por solicitar la reconsideración de la resolución emitida, dicha solicitud deberá ser por escrito, [copia de la cual] deberá ser enviada a la otra parte"*. ■ Presente debemos tener también que, conforme a lo dispuesto en la Regla 68 del Reglamento de este Foro, *"todas las mociones se notificarán a las demás partes en la misma fecha de su presentación"*. Así lo requiere también la Regla 29.1 del Reglamento Núm. 5416, *supra*, que regula los procedimientos adjudicativos de dicha agencia, conforme a la cual el recurrente *"[venía] obligado a notificar de inmediato [todo escrito presentado ante el D.A.C.O.] a las demás partes que haya[n] comparecido en el procedimiento administrativo"*.

No obstante lo antes indicado, el recurrente, inconforme con el dictamen aquí recurrido, interpuso dentro del término jurisdiccional provisto en la sección 3.15 de la L.P.A.U., *supra*, una moción de reconsideración. La misma lleva fecha de 18 de marzo, último día hábil dentro del referido plazo de veinte (20) días de que disponía para así proceder. Ello no obstante, la notificación héchale a la parte querellante no fue puesta en el correo sino hasta el 24 de marzo, fecha para la cual ya el D.A.C.O. había emitido y notificado su determinación de declarar *"No Ha Lugar"* la referida moción de reconsideración, lo que había acontecido el día anterior, es decir, el día 23 de marzo, y ya expirado el término para peticionar la reconsideración.

Con este trasfondo, y sin aducir fundamento alguno para justificar tal dilación en cumplir con su deber de notificación de la moción de reconsideración a la parte querellante dentro del plazo de que disponía para así actuar, el 22 de abril de 1999 el recurrente interpuso el recurso de revisión que nos ocupa, evidentemente fuera del término jurisdiccional que tenía disponible a tales efectos, ello toda vez que ningún efecto interruptor podemos atribuir a la referida moción. ■ En tales circunstancias, y ausente justificación alguna para tal notificación tardía, forzoso es concluir que el actual recurso de revisión, presentado el 22 de abril de 1999, es decir, cincuenta y cinco (55) días después de haberse archivado en autos copia de la notificación de la resolución del D.A.C.O. que le resultó adversa --lo que ocurrió el 26 de febrero-- fue presentado fuera del término jurisdiccional de treinta (30) días de que disponía el recurrente, Sr. Díaz, para así proceder. 3 L.P.R.A. sec. 2172. Ello constituye fundamento independiente para decretar la desestimación del recurso que nos ocupa. Como bien se ha resuelto, la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogarse la jurisdicción que no tiene, careciendo éste, de discreción para asumirla donde por ley no la hay. *Martínez v. Junta de Planificación,* 109 D.P.R. 839, 842 (1980); *Maldonado v. Pichardo,* 104 D.P.R. 778 (1976).

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado en el caso de epígrafe.

Lo acuerda el Tribunal y así lo certifica la Señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**1.** Véase Resolución, Apéndice del recurso, pág. 10.

**2.** Véase recurso de revisión, pág. 6.

**3.** Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101, *et. seq.*

**4.** Para acreditar dichos extremos, sometió copia de la Moción de Reconsideración y del sobre con fecha sellado por el correo.

**5.** 3 L.P.R.A. sec. 2165.

**6.** No entramos en la consideración de las situaciones contempladas en la ley y en la jurisprudencia mediante las cuales se podía, y aún se puede, obviar el agotamiento de tales trámites previo a acudir al foro judicial en busca de un remedio.

**7.** La Regla 8.4(a) dispone que *"[c]ualquier parte que se oponga a una moción deberá radicar su oposión fundamentada dentro de los diez (10) días siguientes a ser notificado de la moción"*. Por su parte, y en lo pertinente, la Regla 67.1 ordena que *"toda moción escrita que no pueda ser oída ex parte se notificará a cada una de las partes"*. Reglas 8.4(a) y 67.1 de las de Procedimiento Civil, *supra*, R. 8.4(a) y R. 67.1.

**8.** Nos ilustra el Tribunal Supremo que existe una diferencia conceptual entre un término de cumplimiento estricto y uno de naturaleza jurisdiccional, lo que conlleva efectos jurídicos distintos. *Loperena Irizarry v. E.L.A.,* 106 D.P.R. 357 (1977); *Arriaga Rivera v. F.S.E.,* 145 D.P.R. ___ (1998), **98 J.T.S. 28,** pág. 688. Cuando se trata de un término de cumplimiento estricto, el tribunal queda liberado del automatismo asociado al requisito jurisdiccional, reconociéndose su habilidad para proveer justicia según lo ameriten las circunstancias, por lo que su observancia tardía es permisible, ello de existir y demostrarse a cabalidad una justa causa para no cumplir rigurosamente con el término en cuestión. *González Santos v. Bourns P.R., Inc.,* 125 D.P.R. 48 (1989). Ello no obstante, el hecho de que se trate de un cumplimiento estricto, y no jurisdiccional, no autoriza a un tribunal apelativo a prorrogar el mismo, salvo justa causa para tal dilación cuando la parte demuestre detalladamente y *a cabalidad al tribunal las bases que tiene para la tardanza. Arriaga v. F.S.E., supra*; *Zayas v. Royal Ins. Co.,* 146 D.P.R. ___, **98 J.T.S. 127,** pág. 124. Así, una parte quedará exenta del requisito *"de observar fielmente un término de cumplimiento estricto si están presentes dos condiciones: (1) que en efecto exista justa causa para tal dilación; [y] (2) que la parte le demuestre detalladamente al Tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida". Arriaga v. F.S.E., supra*, pág. 688.

**9.** Resulta claramente permisible aplicar en el ámbito del derecho administrativo las reglas pertinentes del derecho procesal civil, así como su jurisprudencia interpretativa, en todo lo que no sea incompatible con aquél. *Ortiz Ocasio v. Administración de los Sistemas de Retiro,* ___ D.P.R. ___ (1999), **99 J.T.S. 33,** pág. 746; *Ind. Cortinera Inc. v. P.R.T.C.,* 132 D.P.R. 654, 660 (1993); *Pérez Rodríguez v. P.R. Parking Systems, Inc.,* 119 D.P.R. 634, 639-640 (1987).

**10.** Véase Resolución de 26 de febrero de 1999, Apéndice del recurso, pág. 12.

**11.** Al así proceder, tomó como punto de partida para presentar su recurso, la fecha de notificación de la resolución del D.A.C. O. denegando la moción de reconsideración.