EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| David Florenciani Valentín<br><br>    Apelante<br><br>         v.<br><br>Administración de los Sistema de<br>Retiro de los Empleados del<br>Gobierno y la Judicatura<br><br>    Apelada | Certiorari<br><br>2004 TSPR 118<br><br> 161 DPR _____ |

Número del Caso: AC-2003-16

Fecha: 30 de junio de 2004

Tribunal de Circuito de Apelaciones:
                  Circuito Regional I

Juez Ponente:
                  Hon. Rafael Ortiz Carrión

Abogada de la Parte Apelante:
                  Lcda. Susan Marie Cordero Ladner

Abogados de la Parte Apelada:
                  Lcdo. Lcda. Maritza Incle Figueroa
                  Lcdo. Ellys Rivera Malavé

Departamento de Justicia:
                  Hon. Anabelle Rodríguez

Oficina del Procurador General:
                  Lcda. María A. Hernández Martínez


Materia: Revisión administrativa de resolución de la Junta de
         Síndicos de la Administración de Sistemas de Retiro de
         los Empleados del Gobierno y la Judicatura

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


David Florenciani Valentín

    Apelante

      v.

                    AC-2003-16

Administración de los
Sistemas de Retiro de los
Empleados del Gobierno y
la Judicatura

    Apelada


Opinión del Tribunal emitida por la Jueza Presidenta Señora NAVEIRA MERLY


San Juan, Puerto Rico a 30 de junio de 2004


Hoy nos toca nuevamente interpretar la aplicación de la Regla 46 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, esta vez, al procedimiento de reconsideración ante la agencia administrativa.

I

El 17 de abril de 1998 el Sr. David Florenciani Valentín presentó una solicitud de pensión ante la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (en adelante la Administración), la cual fue denegada mediante

una carta suscrita por esta última el 14 de junio de 1999.

Inconforme con esta decisión, el señor Florenciani Valentín presentó una moción solicitando reconsideración y solicitud de vista administrativa ante la Administración. El 31 de octubre de 2000, luego de celebrarse una vista administrativa, la Oficina de Reconsideraciones de la Administración reiteró la denegatoria de la solicitud de pensión.

Así las cosas, el señor Florenciani Valentín radicó un recurso de apelación ante la Junta de Síndicos de la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (en adelante la Junta). Esta última, mediante resolución de 15 de octubre de 2002, archivada en autos el 30 de octubre de 2002, confirmó la decisión de la Administración. Surge de autos que la notificación de dicha resolución fue depositada en el correo el 4 de noviembre de 2004.

Inconforme con dicho proceder, el 21 de noviembre de 2002 el señor Florenciani Valentín presentó una moción de reconsideración ante la Junta. Esta última no tomó acción alguna sobre la misma. Así pues, el 3 de enero de 2003 el señor Florenciani Valentín presentó un recurso para revisar dicha resolución ante el Tribunal de Apelaciones, el cual fue desestimado por falta de jurisdicción. Dicho foro concluyó que el recurrente solicitó la reconsideración de la resolución de la Junta

fuera del plazo de veinte (20) días establecido en la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme (en adelante LPAU), 32 L.P.R.A. sec. 2165, por lo que la moción ni fue oportuna ni tuvo el efecto de interrumpir el plazo jurisdiccional establecido por la Sec. 4.2 de la LPAU, 32 L.P.R.A. sec. 2172. De esta decisión recurre ante nos el señor Florenciani Valentín mediante recurso de apelación el cual denegamos luego de acogerlo como *certorari*. El 3 de mayo de 2003 el señor Florenciani Valentín presentó una moción de reconsideración. Atendida dicha moción, reconsideramos la resolución de 9 de mayo de 2003, expedimos el recurso y estando en condición de resolver el mismo, procedemos a así hacerlo.

En síntesis, debemos resolver si la norma establecida por la Regla 46 de Procedimiento Civil, *supra,* aplica también al procedimiento establecido por la LPAU, *supra*, para reconsiderar en el foro administrativo las decisiones de las agencias administrativas.

II

La Sec. 4.2 de LPAU, *supra*, establece en lo pertinente, lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden,

presentar una moción de reconsideración de la resolución u orden.  La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla.  Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.  Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.

Por otro lado, la Sec. 4.2 de LPAU dispone que:

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la [3 LPRA sec. 2165], cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.  La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión.  La notificación podrá hacerse por correo.

Por su parte, la Regla 46 de Procedimiento Civil, *supra*, establece, en lo aquí pertinente, que "[s]i la fecha de archivo en autos de copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo".

En reiteradas ocasiones hemos aplicado las Reglas
de Procedimiento Civil al ordenamiento procesal
administrativo, cuando las mismas no son incompatibles
con dicho proceso y propician una solución justa, rápida
y económica. *Hospital Dr. Domínguez, Inc. v. Ryder
Memorial Hospital, Inc.*, res. el 4 de marzo de 2004,
2004 T.S.P.R. 35; *Pérez Vélez v. VPH Motors*, res. el 3
de noviembre de 2000, 2000 J.T.S. 177; *Ortiz Ocasio v.
Administración de los Sistemas de Retiro,* 147 D.P.R.
816, 822 (1999); *Pérez Rodríguez v. P.R. Park. System,
Inc.*, 119 D.P.R. 634, 639-640 (1987).[1] Hemos señalado,
además, que ello no procede cuando la extensión de las
reglas judiciales acarrea trabas que obstaculizan la
flexibilidad, agilidad o sencillez que debe tener el
proceso administrativo. *Hospital Dr. Domínguez, Inc. v.
Ryder Memorial Hospital, Inc.*, *supra*; Pérez Vélez v. VPH
Motors, *supra.*[2]

Recientemente, en *Hospital Dr. Domínguez, Inc. v.
Ryder Memorial Hospital, Inc.*, *supra,* tuvimos la
oportunidad de resolver si lo dispuesto en la Regla 46
de Procedimiento Civil, *supra*, sobre cuándo comienza a

---

[1]     Véase, además, *Magaly Febles, et al. v. Romar Pool
Construction*, res. el 30 de junio de 2003, 2003 T.S.P.R.
113, donde aplicamos por analogía la norma establecida
en *Lagares v. E.L.A.,* 144 D.P.R. 601 (1997).

[2]     Véase, además, *Ind. Cortinera Inc. v. P.R.
Telephone Co.*, 132 D.P.R. 654, 663 (1993). En este caso
señalamos que aplicar las Reglas de Procedimiento Civil
a los procedimientos ante la Comisión de Servicio
Público, trastocaría el diseño sencillo y expedito de
los procedimientos ante la misma.

transcurrir el término para la revisión judicial, aplica también a los dictámenes de las agencias administrativas. Resolvimos en la afirmativa. Concluimos que la aplicación de la referida regla no tiene impacto adverso alguno sobre el proceso administrativo en sí debido a que, tratándose de un remedio judicial que está disponible posterior a la sentencia, no puede tener el efecto de restarle la flexibilidad, sencillez o agilidad que debe tener el procedimiento administrativo como tal y que, por el contrario, su aplicación contribuye a darle efectividad y certeza a las decisiones administrativas. Señalamos, además, lo siguiente:

> [E]s evidente que la Regla 46 referida es como un antídoto para proteger la efectividad de los dictámenes judiciales de las consecuencias adversas de una notificación tardía de dicho dictamen. Procura que el dictamen surta efecto. Extender la norma de dicha Regla a los dictámenes administrativos serviría igualmente para darle efectividad [a los mismos]. (Citas omitidas.)

En el caso de autos, aunque se trata del procedimiento de reconsideración ante la agencia administrativa, resolvemos que también debe aplicar la norma establecida en la Regla 46 de Procedimiento Civil, *supra.* No encontramos razón jurídica alguna para no aplicar la referida norma cuando lo que se presenta es una moción en reconsideración ante la misma agencia que emitió el dictamen. Ya en *Rodríguez, et al. v. A.R.P.E.*, 149 D.P.R. 111, 118 (1999), habíamos concluido

que en situaciones excepcionales, cuando la notificación real de una resolución de un foro administrativo ocurre mucho después que el día en que aparece archivada en autos copia de la misma, el término para revisar la decisión deberá contarse a partir de la notificación real.[3] Al así resolver, reiteramos la importancia de la naturaleza rápida, justa y económica de los procedimientos administrativos. Posteriormente, en *Hospital Dr. Domínguez, Inc. v. Ryder Memorial Hospital, Inc., supra*, puntualizamos que el término para presentar la reconsideración de un dictamen administrativo se cuenta a partir de la notificación de dicho dictamen y no desde que éste fue archivado en autos, cuando no hay simultaneidad entre una fecha y la otra. **Es decir, el término de veinte (20) días para solicitar la reconsideración de un dictamen administrativo debe comenzar a transcurrir desde el momento en que los peticionarios fueron efectivamente notificados de dicho**

---

[3] Es menester señalar que en ese caso aplicamos por analogía lo resuelto en *García Claudio v. García Guevara*, 145 D.P.R. 659 (1998). En este último, se trataba de una sentencia notificada por el tribunal de primera instancia. Allí concluimos que si por un acto de extrema negligencia, el secretario del tribunal notifica tardíamente una sentencia, ésta se entenderá archivada el día en que fue cursada a las partes la notificación de dicha sentencia, por lo que el término para apelar comenzará a transcurrir desde esa fecha. Este caso fue resuelto antes de aprobarse la Ley Núm. 40 de 10 de enero de 1999 que enmendó la Regla 46 para añadir lo siguiente: "Si la fecha de archivo en autos es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo".

**dictamen**.    Establecida  esta  doctrina,  procedemos  a aplicarla a los hechos del caso de autos.


III


La  resolución  emitida  por  la  Junta  fue  notificada transcurridos  cinco  (5)  días  desde  el  archivo  en  autos de la misma.  El señor Florenciani Valentín presentó la moción  de  reconsideración  veintidós  (22)  días  después del  archivo  en  autos  de  la  resolución.   Es  decir,  dos (2)  días  después  de  haber  transcurrido  el  término establecido por la Regla 4.2 de LPAU, *supra,* si contamos desde  el  archivo  en  autos  de  la  resolución.    No obstante,  si  tomamos  en  cuenta  que  la  resolución  fue notificada cinco (5) días después de su archivo en autos y contamos los veinte (20) días establecidos en la Regla 4.2  a  partir  de  esa  fecha,  debemos  concluir  que  la moción  de  reconsideración  presentada  por  el  señor Florenciani  Valentín  fue  oportuna  e  interrumpió  el término para presentar la solicitud de revisión ante el Tribunal de Apelaciones.


IV


Por  los  fundamentos  antes  expuestos,  dejamos  sin efecto  el  dictamen  del  Tribunal  de  Apelaciones  y

devolvemos el caso a ese foro para que continúen los procedimientos conforme a lo aquí resuelto.


                                    Miriam Naveira Merly
                                       Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


David Florenciani Valentín

    Apelante

       v.

Administración de los                    AC-2003-16
Sistemas de Retiro de los
Empleados del Gobierno y
La Judicatura

    Apelada


SENTENCIA


San Juan, Puerto Rico a 30 de junio de 2004


Por los fundamentos expuestos en la Opinión que antecede, se revoca la sentencia dictada por el Tribunal de Apelaciones y se devuelve el caso a ese foro para la continuación de los procedimientos de forma compatible con lo aquí expuesto.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton concurre con el resultado sin opinión escrita. El Juez Asociado señor Rivera Pérez disiente sin opinión escrita.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo